Carrie M. Francis (309280)
carrie.francis@stinson.com
Lonnie J. Williams, Jr. (*Pro Hac Vice* Forthcoming)
lonnie.williams@stinson.com
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925

Christopher P. Leyel (161755)
cleyel@yokasmith.com
**YOKA & SMITH, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 427-2300
Fax: (213) 427-2330

Attorneys for Defendant SCI Direct, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole Romano, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>SCI Direct, Inc. and Does I to 50, inclusive,<br><br>          Defendants. | Case No. 2:17-cv-03537<br><br>Superior Court of Los Angeles Case No. BC656654<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 AND 1453**<br><br>**Demand for Jury Trial** |

PLEASE TAKE NOTICE THAT Defendant SCI Direct, Inc. ("SCI Direct") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. The grounds for removal are as follows:

CORE/0810992.0057/132777086.4

## **THIS COURT HAS JURISDICTION**

1.      This Court has original jurisdiction based on two separate, independent grounds.  First, under the provisions of 28 U.S.C. § 1332, this action may be removed to this Court by SCI Direct pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

2.      Second, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

3.      Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plaint statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on the defendant in the action.

## **VENUE IS PROPER**

4.      Venue is proper in this Court pursuant to 28 U.S.C. sections 84(a), 1391 and 1446, because this action was originally brought in the Superior Court of California, County of Los Angeles as Case No. BC656654.

CORE/0810992.0057/132777086.4

## **PLEADINGS, PROCESS AND ORDERS**

5.     On April 6, 20017, this putative class action was commenced and is currently pending in the Superior Court of California, County of Los Angeles, as Case No. BC656654, entitled *Nicole Romano vs. SCI Direct, Inc., et al.*   A true and correct copy of the Class Action Complaint for Damages (the "Complaint") is attached hereto as **Exhibit A**.

6.     The Complaint asserts the following causes of action: (1) violation of California Labor Code §§ 510, 1194 and 1198 (unpaid overtime); (2) violation of California Labor Code § 204 (failure to pay all regular wages); (3) violation of California Labor Code §§ 1194, 11.942 and 1197.1 (minimum wage); (4) violation of California Labor Code §§ 1197.1 and 1199 (failed to pay all regular wages); (5) violation of California Labor Code §§ 226.7 and 512 (unpaid meal period premiums); (6) violation of California Labor Code § 226.7 (unpaid rest period premiums); (7) violation of California Labor Code §§ 201-203 (waiting time penalties); (8) violation of California Labor Code § 226(a) (non-compliant wage statements); (9) violation of California Labor Code §§ 226.8 (willful misclassification of independent contractor); and (10) violation of California Business & Professions Code §§ 17200, *et. seq.  See* **Exhibit A**.

7.     On April 11, 2017, Plaintiff Nicole Romano ("Plaintiff") served SCI Direct's statutory agent Corporation Service Company.   Attached hereto as **Exhibit B** are true copies of the documents served on SCI Direct, in addition to the Complaint (**Exhibit A**), including the Summons, Notice of Case Assignment, Civil Case Cover Sheet and Addendum, Voluntary Efficient Litigation Stipulations, and related proposed stipulations and case management orders.

CORE/0810992.0057/132777086.4

8.      According to the Superior Court docket, a true and correct copy of which is attached at **Exhibit C,** Plaintiff filed a Return of Service of Summons and Complaint on April 13, 2017, with respect to SCI Direct.  A copy of this filing was not served on SCI Direct and is not yet available on the Superior Court of California, County of Los Angeles docket.

9.      Pursuant to 28 U.S.C. 1446(a), the attached **Exhibits A-C** constitute all process, pleadings and orders served upon SCI Direct in this action. SCI Direct has not filed an Answer in Superior Court.

## DEFENDANT SCI DIRECT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10.      This Notice of Removal is timely.  Plaintiff personally served the Summons and Complaint on SCI Direct's agent on April 11, 2017.  Pursuant to 28 U.S.C. 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after SCI Direct was served with the Summons and Complaint and within one year after commencement of this action.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

11.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal without Exhibits) will be promptly filed with the Clerk of the Superior Court in Los Angeles County, and served on all other parties to this action.

## THIS COURT HAS DIVERSITY JURISDICTION

12.      SCI Direct is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Florida, with its headquarters and principal place of business in the State of Florida and in the

State of Texas.   Plaintiff concedes SCI Direct is a Florida corporation, headquartered in Florida.  *See* **Exhibit A**, at 1:18-20; 3:24-25.

13.    For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court, SCI Direct was, and remains, a Florida corporation (via incorporation) with its principal place of business in Plantation, Florida and Houston, Texas where its corporate offices and headquarters, and where SCI Direct's executive and administrative functions, are located.  SCI Direct is not, and was not at any relevant time, a citizen of the State of California.

14.    Plaintiff is a citizen of California and resident of the County of Los Angeles.  *See* **Exhibit A**, at 4:3-6.  The defined Class Members include Call Service Representatives working for SCI Direct as independent contractors in California.  *Id.*, at 5:22-27; 10:7-16.

15.    The Complaint also names Defendants Does 1-50.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

16.    The amount in controversy herein far exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed more fully below.

## THIS COURT HAS JURISDICTION UNDER CAFA

17.    In *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing defendants. Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the

CORE/0810992.0057/132777086.4

same liberal pleading standards applied to complaints must also apply to notices of removal. *Id.* The Supreme Court also held in *Dart* that a removing defendant is not required to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at 552-553. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(13) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

18.    This Court has diversity jurisdiction over Plaintiff's action pursuant CAFA, at 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and(d)(6). CAFA applies to "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

19.    Plaintiff plainly brings this lawsuit as a class action. The Complaint itself is titled "CLASS ACTION COMPLAINT FOR DAMAGES," Plaintiff seeks to act as a class representative and states in the very first paragraph that "[t]his class action is brought pursuant to the California Code of Civil Procedure

section 382." *See* **Exhibit A,** at Caption and 1:21-23.   Accordingly, CAFA applies. *E.g., Bodner v. Oreck Direct, LLC,* 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

20.    Plaintiff seeks to represent a class of all current and former individuals who worked for SCI as an independent contractor within the State of California at any time during the period from four years preceding the filing of this Complaint.  *See* **Exhibit A,** at 10:3-16.

21.    The parties agree that the proposed group of Class Members exceed 100 persons.  *See* **Exhibit A,** at 12:13-14.

22.    Based upon SCI Direct's preliminary review of its records, the number of proposed Class Members during the time period from April 6, 2013 to the present date, exceeds 100, and totals 263 people.

23.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  Minimal diversity of citizenship exists here because Plaintiff and SCI are citizens of different states:  California and Florida or Texas.

24.    Plaintiff has conceded that she is domiciled in California.  *See* **Exhibit A**, at 4:3-6.  Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986).   Therefore, Plaintiff is a citizen of California for diversity purposes.

25.    Conversely, SCI Direct is not a citizen of California. As Plaintiff concedes, SCI Direct is a citizen of Florida.  *See* **Exhibit A**, at 1:18-20; 3:24-26.  As described above, at the time this action was commenced in state court, SCI

CORE/0810992.0057/132777086.4

1    Direct was, and remains, a Florida corporation (via incorporation) with its

2    principal place of business in Plantation, Florida and Houston, Texas where its

3    corporate offices and headquarters, and where SCI Direct's executive and

4    administrative functions, are located.

5        26.    Accordingly, the named Plaintiff is a citizen of a state different from

6    SCI Direct, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C.

7    §§ 1332(d)(2)(A), 1453.

8        27.    The amount in controversy exceeds $5,000,000.[1]    CAFA's

9    $5,000,000 threshold for the "amount in controversy," is not the same as the

10   amount ultimately recovered.    *Lara v. Trimac Transp. Servs. Inc.,* 2010 WL

11   3119366, at *3 (C.D. Cal. Aug. 6, 2010).    Rather, in assessing the amount in

12   controversy, courts must "assume that the allegations of the complaint are true

13   and assume that a jury will return a verdict for the plaintiff on all claims made in

14   the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.

15   Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put

16   "in controversy" by the plaintiff's complaint, not what a defendant will actually

17   owe.  *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

18   After all, "the amount in controversy is simply an estimate of the total amount in

19   dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon*

20   *Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v.*

21   *Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008)).    Additionally, "the amount in

22   controversy is not measured by the low end of an open-ended claim, but rather by

23   a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate*

24   
25   [1] The alleged damage calculations set forth in the instant Notice of Removal are
     provided for purposes of removal only. SCI Direct denies that Plaintiff or any
26   putative class member is entitled to any relief whatsoever and expressly reserves
27   the right to challenge Plaintiff's claims and her alleged damages at every stage of
     this case.

28
CORE/0810992.0057/132777086.4

1  *Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-
2  controversy inquiry in the removal context is not confined to the face of the
3  complaint") (citations omitted).

4      28.   Congress intended federal jurisdiction to be appropriate under CAFA
5  "if the value of the matter in litigation exceeds $5,000,000 either from the
6  viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the
7  type of relief sought (*e.g*., damages, injunctive relief, or declaratory relief)." *See*
8  Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate
9  Judiciary Committee's Report on the final version of CAFA makes clear that any
10  doubts regarding the maintenance of interstate class actions in state or federal
11  court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43
12  ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a
13  purported class action 'do not in the aggregate exceed the sum or value of
14  $5,000,000,' the court should err in favor of exercising jurisdiction over the case .
15  . . [Section 1332(d)] should be read broadly, with a strong preference that
16  interstate class actions should be heard in federal court if removed by the
17  defendant.")

18      29.   In calculating the amount in controversy, the claims of class
19  members may be aggregated to determine whether the amount in controversy has
20  been satisfied. 28 U.S.C. § 1332(d)(6).

21      30.   Plaintiff's Complaint here is silent as to the total amount in
22  controversy. However, as demonstrated herein, Plaintiff's allegations, when
23  accepted as true, place more $5,000,000 in controversy in this lawsuit.   By
24  demonstrating that the amount in controversy exceeds the CAFA threshold, SCI
25  Direct in no way concedes the validity of Plaintiff's claims in any respect or the
26  likelihood that Plaintiff will obtain certification or recover anything.

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
9

31.     SCI Direct's calculation of the amount in controversy is based on 263 proposed Class Members for the four years preceding the filing of the Complaint, being the stated Class Period.  *See* **Exhibit A**, at 10:3-6.  Plaintiff's Complaint does not provide sufficient detail to analyze the value of each claim asserted.  For example, Plaintiff's allegations with respect to her unpaid overtime claims do not adequately state the number of hours of overtime worked, the amount of overtime owed, or even whether the Class Members were denied the whole of the time-and-a-half their regular rate owed them or, instead, whether they were paid straight time for hours worked beyond eight in a day or forty in a week and therefore they are merely seeking the remaining half-time their regular rate.  *See* **Exhibit A,** at 17:6-18:13.  Even though the damages sought for this unpaid overtime claim will likely be substantial, the minimum threshold of $5,000,000 can be met by reviewing the claims asserted wherein sufficient detail is provided.  These calculations are set forth in the below chart:

| Complaint Count | Calculation Facts | Potential Damages |
|---|---|---|
| Count 1: violation of California Labor Code §§ 510, 1194 and 1198 (unpaid overtime) | Insufficient information | None considered for removal threshold |
| Count 2: violation of California Labor Code § 204 (failure to pay all regular wages) | Insufficient information | None considered for removal threshold |
| Count 3: violation of California Labor Code §§ 1194, 11.942 and 1197.1 (minimum wage) | Insufficient information to calculate wage loss claim, but for purposes of other aspects of this calculation, SCI Direct uses the average minimum wage of $9 per hour. Prior to | None considered for removal threshold |

|  |  |  |
|---|---|---|
|  | January 1, 2014, the minimum wage was $8 per hour; between January 1, 2014 and January 1, 2016, the minimum wage was $9 per hour; after January 1, 2016, the minimum wage was $10 per hour. |  |
| Count 4: violation of California Labor Code §§ 1197.1 and 1199 (failed to pay all regular wages) | Insufficient information | None considered for removal threshold |
| Count 5: violation of California Labor Code §§ 226.7 and 512 (unpaid meal period premiums) | 1 hour at regular rate (assumed $9 per hour) for each meal period not provided as penalty. Plaintiff alleges the Class Members were regularly denied duty free meal periods (**Exhibit A**, at 21:18-22-17). Plaintiff further alleges that Class Members are entitled to civil penalties of $50 for each pay period during which the Class Member was underpaid, and $100 for each subsequent violation. *Id.* | 5 meal periods per week x 50 weeks = 250 missed meal breaks<br><br>250 missed meal breaks x $9 per hour = $2,250 per year<br><br>$2,250 for each of the 263 Class Members = **$591,750**[2]<br><br>26 pay periods per year<br><br>At $50 for the first violation and $100 for every violation thereafter = civil penalties of $2,650 |

---

[2] SCI Direct, in an effort to present a conservative analysis is limiting this calculation to one year vs. four.

CORE/0810992.0057/132777086.4

| | | $2,650 for each of the 263 Class Members = **$696,950**<br><br>**Total for this claim = $1,288,700** |
| --- | --- | --- |
| Count 6: violation of California Labor Code § 226.7 (unpaid rest period premiums) | Same damages as unpaid meal premiums | None considered for removal threshold |
| Count 7: violation of California Labor Code §§ 201-203 (waiting time penalties) | Plaintiff alleges that based on violations Class Members are entitled to continued payment of wages upon separation of employment for up to 30 days (**Exhibit A**, at 24:13-22). | 8 hours per day x $9 per hour = $72 per day<br><br>$72 x 30 days = $2,160<br><br>$2,160 for 215 Class Members = **$464,400** |
| Count 8: violation of California Labor Code § 226(a) (non-compliant wage statements) | Plaintiff alleges that SCI Direct regularly failed to provide accurate wage statements subjecting it to civil penalties not to exceed $4,000 per employee (**Exhibit A**, at 25:16-26:3). | $4,000 for each of the 263 Class Members = **$1,052,000** |
| Count 9: violation of California Labor Code §§ 226.8 (willful misclassification of independent contractor) | Plaintiff alleges that SCI Direct willfully misclassified employees as independent contractors subjecting SCI Direct to a civil penalty for each violation in an amount not less than $10,000 and not more than $25,000 (**Exhibit A**, at | Assuming $15,000 for each of 263 Class Members = **$3,945,000** |

CORE/0810992.0057/132777086.4

| | | |
|---|---|---|
| | 26:8-21). | |
| Count 10: violation of California Business & Professions Code §§ 17200, *et. seq.* | Insufficient information | None considered for removal threshold |

Given this reasonable preliminary analysis, based on only a small quantitative part of the claims and allegations alleged in the Complaint, potential damages of the Class Members easily exceeds **$6,750,100.**

32.    Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass 'n,* 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345 (2013).  Plaintiff is seeking attorneys' fees.  *See* **Exhibit A,** at Prayer for Relief, subsection (t). The Ninth Circuit has recognized 25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy of **$6,750,100**, and then multiplying that number by .25 (25%) it is reasonable to place the attorneys' fees in controversy at a minimum of **$1,687,525**.  Adding that amount to the previously calculated value only serves to underscore the conclusion that this case easily exceeds the $5,000,000 threshold.

## CONCLUSION

33.    This Court has original jurisdiction over Plaintiff's claims by virtue of diversity jurisdiction and CAFA.  This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, SCI Direct requests the opportunity to submit evidence, points and authorities further supporting the removal of this action.

CORE/0810992.0057/132777086.4

RESPECTFULLY SUBMITTED this 10th day of May, 2017.

**STINSON LEONARD STREET LLP**

By: /s/ Carrie M. Francis

Carrie M. Francis
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**YOKA & SMITH, LLP**
Christopher P. Leyel
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071

Attorneys for Defendant SCI Direct, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and as Plaintiff's counsel is not yet a registered ECF user for this matter, I sent a copy by U.S. Mail and email of this same filing to:

Todd M. Friedman
tfriedman@toddflaw.com
Adrian R. Bacon
abacon@toddflaw.com
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

/s/  Linda Holder

CORE/0810992.0057/132777086.4

# Exhibit A

# COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
**Attorneys for Plaintiff,**
**Nicole Romano**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 06 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| Nicole Romano, individually and on behalf of all others similarly situated, | CASE NO.: |
| Plaintiff, | <u>CLASS ACTION</u> BC 656654 |
| vs. | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| SCI DIRECT, INC. and DOES 1 to 50, inclusive, | |
| Defendants. | **JURY DEMAND** |

BY FAX

Plaintiff Nicole Romano (hereinafter "Plaintiff"), on behalf of herself and all those similarly situated, alleges the following as and for a complaint against Defendants SCI DIRECT, INC., a Florida corporation that is headquartered in Florida and that conducts a substantial portion of its business in California, and DOES 1 through 50 (hereinafter sometimes collectively referred to as "Defendants").

Plaintiff brings this Class Action against Defendants, and each of them, pursuant to California *Code of Civil Procedure* §382. All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff's information and beliefs are based upon, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## INTRODUCTION

1.     This action is within the Court's jurisdiction pursuant to the provisions of California *Labor Code* §§ 201-204, 226, 226.7, 510, 1194, 1194.2 and 1199, and California *Business and Professions Code* §§ 17200, *et seq.*

2.     This Complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code, Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against employees of Defendants.

3.     Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay all minimum, regular and overtime wages due, failing to pay wages in a timely fashion, including at the end of employment, mis-classifying employees so as to avoid payment of wages, and failing to keep statutorily required payroll records.

4.     Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California *Labor Code, Business and Professions Code*, and applicable IWC wage order, including, but not limited to, Labor Code §§ 201-203, 221, 222.5, 223, 226.8, 226.3, 226.7, 400-410, 450, 510, 512, 1182, 1174, 1194, 1197, 1197.1, and 2802; California Code of Regulations, Title 8 §11090 section 7 & 11-12; California Wage Order No. 1-2001 (8 Cal. Code Reg., § 11090); and Industrial Wage Commission Wage (hereinafter "IWC") Order No. 4.    Specifically, Plaintiff challenges Defendants' acts of creating and maintaining policies, practices and customs of: (1) classifying Call Service Representatives as independent contractors instead of employees; (2) failing to reimburse Plaintiff and the Class for reasonable business expenses; (3) failing to provide, authorize, permit and/or make available meal and rest periods to Plaintiff and the Class as required by California law; (4) denying Plaintiff and the Class full compensation for all hours worked; (5) failing to pay Plaintiff and the Class minimum wage; (6) failing to pay Plaintiff and the Class overtime and double time; (7) failing to provide Plaintiff and the Class with accurate, itemized wage statements; (8) failing to timely pay

1  Plaintiff and the Class full wages upon termination or resignation; and (9) engaging in a pattern or

2  practice of willfully misclassifying employees as independent contractors. Plaintiff seeks

3  compensation, damages, penalties and interest to the full extent permitted by the Labor Code and

4  IWC Wage Orders.

5      5.    The policies, practices and customs of Defendants described above and below have

6  resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses

7  that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions*

8  *Code.*

9  **JURISDICTION AND VENUE**

10      6.    This Court has jurisdiction over the alleged violations of the California *Labor Code*

11  §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198 and 1199, and California *Business*

12  *and Professions Code* §§ 17200, *et seq.*

13      7.    This case is subject to the jurisdiction of this Court pursuant to California *Labor*

14  *Code*, California *Business and Professions Code*, California *Code of Civil Procedure*, and the

15  California Department of Industrial Relations. On information and belief, and at all times relevant,

16  Defendants operate and are doing business under the brand names of SCI DIRECT, INC.

17  Defendants, and each of them, do business throughout the State of California, including Los Angeles

18  County where Plaintiffs were employed.

19      8.    The unlawful acts alleged herein have a direct effect on Plaintiff and other employees

20  similarly situated within the State of California. Plaintiff and the Class Members have suffered

21  damages and will continue to suffer the same harm as the Representative Plaintiff as a result of

22  Defendants', and each Defendant's, wrongful conduct unless the relief requested herein is granted.

23  **PARTIES**

24      9.    Plaintiff is informed and believes and based thereon alleges that Defendant SCI

25  DIRECT, INC. is a Florida corporation with principal place of business in Florida, which regularly

26  does business throughout the State of California. Plaintiff is informed and believes and thereon

27  alleges that Defendants, at all times herein mentioned, is and was doing business in the County of

28  Los Angeles, State of California.

Class Action Complaint And Jury Demand

EXHIBIT A PAGE 003

10.      Whenever in this Complaint reference is made to "SCI Direct, Inc.," such allegations collectively mean and refer to Defendants SCI DIRECT, INC., and its subsidiaries and divisions.

11.      Plaintiff Nicole Romano is, and at relevant times herein was, a resident of the County of Los Angeles, California. Plaintiff was at all relevant times Call Service Representatives employed by Defendants. Plaintiff was employed as an independent contractors Call Service Representative, and worked in Los Angeles County, California.

12.      Although Plaintiff was classified as an independent contractors, and not classified as employees, Plaintiff's employment nonetheless was subject to substantial control by Defendants over her wages, hours and working conditions.

13.      Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as members of the Class and members of the general public, damages as more specifically identified below.

15.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

16.      Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts,

1   conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants

2   confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

3       17.     At all times herein mentioned, Defendants, and each of them, were members of, and

4   engaged in, a joint venture, partnership and common enterprise, and acted within the course and

5   scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6       18.     Plaintiff is further informed and believes and based thereon alleges, at all times herein

7   material, each Defendants were completely dominated and controlled by its Co-Defendants, and

8   each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to

9   any conduct by Defendants or Defendants, such allegations and references shall also be deemed to

10  mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever

11  and wherever reference is made to individuals who are not named as Defendants in this Complaint,

12  but were employees and/or agents of Defendants, such individuals at all relevant times acted on

13  behalf of Defendants named in this Complaint within the scope of their respective employments.

14      19.     At all times herein mentioned, the acts and omissions of various Defendants, and each

15  of them, concurred and contributed to the various acts and omissions of each and all of the other

16  Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein

17  mentioned, Defendants, and each of them, ratified each and every act or omission complained of

18  herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

19  and omissions of each and all of the other Defendants in proximately causing the damages as herein

20  alleged.

21                        **FACTUAL ALLEGATIONS**

22      20.     At all times herein mentioned, Class Members, including Plaintiff, was employees of

23  Defendants in the State of California, and Defendants were and are employers employing persons in

24  the State of California.  As such, Class Members, including Plaintiff, was the type of persons

25  contemplated to be protected by the California *Labor Code* and the Wage Order, and said laws and

26  regulations were intended to apply to Defendants and to prevent the type of injury and damage

27  herein.

28

21.      Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws.

22.      During the relevant time period of this action, Defendants have employed, and continue to employ, Plaintiff and other similarly situated individuals ("Call Service Representative") to provide Call Service Representative services for its customer. Defendant's entire business model is premised on outsourcing its call services onto Call Service Representatives as independent contractors, as a method of cutting costs, and thereby gain a competitive advantage.

23.      Defendants has devised an elaborate scheme to skirt the requirements under the California Labor Code, by misclassifying its Call Service Representatives as independent contractors rather than employees, denying them the benefits of employment, and shifting the vast majority of the cost of doing business onto the employees who carry out the day to day customer service duties for Defendants, in fulfillment of its call services.

24.      Defendants characterize its Call Service Representative as independent contractors who merely utilize Defendants' offices and supplies to provide Call Service Representative services to provide customer support and solicit sales.     In fact, these Call Service Representatives are subject to high levels of control by Defendants over their wages, hours and working conditions, such that the conditions of their employment are in fact dominated and controlled in every material aspect, by Defendants.

25.      Defendants' control over Plaintiff's and Class Members' wages, hours and working conditions, begins with Defendants' requirement that each Call Service Representative enter into a written agreement with Defendants, as to the terms of their employment.  This agreement specifies that Call Service Representative must adhere to strict rules and regulations put in place at Defendants' sole discretion.

26.      Defendants maintain sole discretion over the terms of the independent contractor agreement, and require applicants to sign these agreements with no ability to negotiate the terms, but rather as a condition of employment.

27.      The Agreements are drafted exclusively by Defendants and/or its legal counsel.

28.     The Agreement purports to classify Call Service Representatives as independent contractors so as to conceal the true nature of the relationship between Defendants and their Call Service Representative: that of employer and employees.

29.     Defendants retain the right to terminate Call Service Representatives without notice if they fail to adhere to any part of the Agreement. Defendants require Call Service Representatives to comply with their numerous policies and procedures, or face possible termination

30.     Defendants maintain exclusive control over the rates of pay that Call Service Representatives will receive, which is based on an hourly rate and other factors, determined at the sole discretion of Defendants. Defendants reserve the right to make adjustments to their rates of pay, at any time, without notice to Call Service Representatives directly impacting the wages earned by Plaintiff and Class Members.

31.     Call Service Representatives are required to agree to Defendants' pay schedule, which is subject to change, in order to work for Defendants.

32.     Defendants' managers also supervise and oversee the work performed by Call Service Representatives, and are in regular communication with Call Service Representatives about Defendants' policies and procedures, and about the job duties of Call Service Representatives.

33.     Call Service Representatives must utilize Defendants' offices and supplies in order to access Defendants' network of customers. Defendants' application place serious limitations and requirements on Call Service Representatives in how they are required to carry out their job duties. Having a Smartphone is a condition of employment with Defendants as a Call Service Representatives.

34.     Defendants determine where Call Service Representatives are required to work, when they are required to work, and how they are required to work. Specifically, Defendants will set Call Service Representatives work schedules, which instruct them where and when to work.

35.     Defendants require Call Service Representatives to provide a full report to Defendants, including hours worked, clients called, and sales made. Defendants maintain attendance records, and have the ability to maintain accurate time records for all hours worked by Call Service Representative.

Class Action Complaint And Jury Demand

EXHIBIT A PAGE 007

36.    Defendants fail to account for all time worked by Call Service Representative, and fail to fully compensate Call Service Representatives for all working time.  Further, where Call Service Representatives work more than 40 hours in a week or 8 hours in a day, Defendants fail to pay Call Service Representative overtime wages, including by not paying for all compensable hours, and by using an improper regular rate of pay for purposes of said calculations.

37.    Defendants provide Call Service Representatives with no meal or rest breaks, and do not provide Call Service Representatives with any of the other benefits of employment.

38.    Specifically as to meal breaks, Defendant's written policy concerning meal breaks is that Call Service Representatives are to receive a meal break only in instances where their shift is 8 hours or longer in length.  In practice, even when Call Service Representatives work for 8 hours or more, Defendant fails to provide breaks, provides them late, does not provide breaks that are duty free, and otherwise provides non-compliant breaks, such that a compliant meal break is the exception rather than the norm.  Further, Defendant fails to maintain accurate time records regarding meal breaks for Call Service Representatives.

39.    Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Class Members, including Plaintiff, was entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Class Members one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

40.    Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of requiring Class Members, including Plaintiff, to continue working through meal periods, or were required to stay on the premises during their meal periods, or were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

41.    Plaintiff is informed and believes and based thereon alleges, during the Class Period, Defendants had a consistent policy or practice of failing to compensate Class Members, including

1 | Plaintiff, for duty-free meal periods that were not provided within the first five (5) hours of any shift
2 | of six (6) or more hours worked, and for on-duty meal periods.

3 |     42.      Plaintiff is informed and believes and based thereon alleges that Defendants know,
4 | should know, knew or should have known that Class Members, including Plaintiff, was and is
5 | entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any
6 | failure to allow said breaks requires Defendants to pay Class Members, including Plaintiff, one (1)
7 | hour of wages per day for missed or on-duty rest breaks.

8 |     43.      Plaintiff is informed and believes and based thereon alleges that during the Class
9 | Period, Defendants had a consistent policy or practice of failing to provide to Class Members,
10 | including Plaintiff, one (1) ten (10) minute break for each shift of four (4) hours or more worked.

11 |     44.      Plaintiff is informed and believes and based thereon alleges that, during the Class
12 | Period, Defendants had a consistent policy or practice of failing to compensate Class Members,
13 | including Plaintiff, for missed rest breaks that were not provided within each four (4) hours of a
14 | shift.

15 |     45.      Plaintiff is informed and believes and based thereon alleges that, during the Class
16 | Period, Defendants had a consistent policy or practice of failing to compensate Class Members,
17 | including Plaintiff, overtime pay for all overtime hours, and regular pay for any regular hours
18 | worked, and at least minimum wage for all hours worked.

19 |     46.      Plaintiff is informed and believes and based thereon alleges that, during the Class
20 | Period, Defendants had a consistent policy or practice of failing to provide Class Members,
21 | including Plaintiff, with accurate wage statements reflecting the true number of hours worked due to
22 | Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to
23 | document all hours worked.

24 | **CLASS ALLEGATIONS**

25 |     47.      Plaintiff brings this action individually, as well as on behalf of each and all other
26 | persons similarly situated and, thus, seek class certification under California *Code of Civil*
27 | *Procedure* § 382.

28 |

48.      All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

49.      The "Class Period" is designated as the time from four years prior to the filing of this Complaint, to the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing for at least the four years prior to the filing of this Complaint.

50.      Pursuant to California *Code of Civil Procedure* § 382, Plaintiff brings this action on behalf of the following class:

> All persons who have been, or currently are, employed by Defendants and who performed at least one Call Service Representative service in California for Defendants as an independent contractor during the Class Period and who held, or hold, the position of Call Service Representative.  This definition includes any and all prior job titles assigned to this position during the Class Period (collectively, the "Class" or "Class Members").  Excluded from the Class are all persons who were employed by Defendants as Managers, or in managerial or corporate positions equal, or superior, to Managers, during the Class Period.

51.      The Class seeks unpaid wages for meal period and rest periods, regular hours and overtime hours worked, penalties, equitable relief, interest, and reasonable attorneys' fees and costs, for failure to comply with applicable sections of the California *Labor Code*, Industrial Welfare Commission Wage Order No. 4 ("Wage Order"), California *Business and Professions Code* §§ 17200, *et seq.*, and California *Code of Civil Procedure* § 1021.5.

52.      This action is also brought by Plaintiff on behalf of a sub-class, as follows: All Class Members whose employment ended at any time during the Class Period (collectively, the "Former Employee Sub-Class" or "Former Employee Sub-Class Members").

53.      The Former Employee Sub-Class Members seek waiting time penalties of up to thirty (30) days wages each, pursuant to California *Labor Code* § 203, due to Defendants' failure to pay all wages due and owing at the time of termination of the employment relationship.

54.     Under California *Business and Professions Code* §§ 17200, *et seq.* ("Unfair Practices Act"), and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiff, on behalf of themselves and the proposed Class Members, also seeks restitution of all benefits Defendants have received from its unlawful actions as alleged herein.

55.     During Plaintiff's and Class Members' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law, and did not compensate Plaintiff and members of the Class for all regular hours worked, for all overtime hours worked, or for meal or rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods). Plaintiff and the Class Members they seek to represent did not voluntarily or willfully waive their meal or rest periods.  Defendants maintained and implemented a course of conduct requiring Plaintiff and Class Members to involuntarily waive their meal or rest periods as a condition of employment and failed to obtain uncoerced waivers.

56.     During Plaintiff's and Class Members' employment with Defendants, Defendants did not reimburse Call Service Representative for business expenses incurred in the course of their employment, in violation of California *Labor Code* §§ 2800 *et. seq.*

57.     Defendants did not keep accurate records of the hours worked by Plaintiff and members of the Class, or of the amount of wages due to them.  Plaintiff was and is a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California *Labor Code* §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198 and 1199, and California *Business and Professions Code* §§ 17200, *et seq.* (Unfair Practices Act).

58.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California *Labor Code* §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 and 2802, and California *Business and Professions Code* §§ 17200, *et seq.* (Unfair Practices Act).

59.     This action is brought, and may properly be maintained, as a Class Action under California *Code of Civil Procedure* § 382 because there is a well-defined community of interest in

1   the litigation and the proposed Class is easily ascertainable. This action satisfies the predominance,

2   typicality, numerosity, superiority, and adequacy requirements of these provisions.

3       60.     **Numerosity**: The members of the Class are so numerous that joinder of all members

4   would be impractical, if not impossible. The identity of the members of the Class is readily

5   ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed

6   and believe and based thereon allege that: (a) Class Members regularly were denied payment of all

7   regular and overtime wages due and denied payment of overtime wages at the proper rate of

8   overtime pay; (b) Class Members were not provided meal periods or rest periods in compliance with

9   California *Labor Code* §§ 226.7 and 512 and the applicable IWC wage order, and were not paid all

10  meal period or rest period premium wages for non-compliant periods; (c) Class Members were not

11  paid all wages in a timely fashion, including all wages at the end of employment based on

12  Defendants' own records; and (d) Defendants did not maintain accurate records and provide accurate

13  wage statements to Class Members, pursuant to California *Labor Code* § 226. Based on information

14  and belief, there are more than 100 persons who are potentially Class Members.

15      61.     **Adequacy of Representation**: The named Plaintiff is fully prepared to take all

16  necessary steps to represent fairly and adequately the interests of the Class defined above with whom

17  they have a well-defined community of interests and typicality of claims as demonstrated herein.

18  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the

19  representative Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

20  actions in the past and currently have a number of wage-and-hour class actions pending in California

21  courts. Further, Plaintiff's counsel is competent and experienced in litigation class actions involving

22  California *Business and Professions Code* §§ 17200, *et seq.*

23      62.     Defendants uniformly administered corporate policies and practices that did not

24  afford Plaintiffs and Class Members proper meal and rest periods, as required by California *Labor*

25  *Code* §§ 226.7 and 512 and the applicable IWC wage order, that failed to pay all earned regular and

26  overtime wages, minimum wages, and all wages owed, and that uniformly paid their employees late

27  wages. Plaintiff is informed and believe and based thereon alleges that this corporate conduct was

28

1  accomplished with the advance knowledge and designed intent to willfully withhold appropriate

2  wages for work performed by Class Members.

3      63.     Plaintiff is informed and believes and based thereon alleges that Defendants, in

4  violation of California *Labor Code* §§ 201 through 203, had a consistent and uniform policy,

5  procedure and practice of willfully failing to pay Plaintiff and Class Members all wages due them

6  upon termination.  Plaintiff and other Class Members did not secret or absent themselves from

7  Defendants, nor refuse to accept the earned and unpaid wages from Defendants upon termination.

8  Accordingly, Defendants are liable for waiting time compensation for the unpaid wages to the Sub-

9  Class Members pursuant to California *Labor Code* § 203.

10      64.     In addition, Defendants uniformly administered a corporate policy, procedure and

11  practice of not maintaining accurate records, and failing to provide true and accurate wage

12  statements, as required by California *Labor Code* § 226.

13      65.     Plaintiff is informed and believes and based thereon alleges that the foregoing

14  corporate conduct was accomplished with the advance knowledge and designed intent to willfully

15  and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and

16  deductions.

17      66.     As a pattern and practice and matter of corporate policy, in violation of the

18  aforementioned labor laws, Defendants committed unfair practices based on the claims alleged in the

19  preceding paragraphs.

20      67.     **Common Question of Law and Fact**:  There are predominant common questions of

21  law and fact and a community of interest among Plaintiff and the Class Members concerning

22  whether:

23      a) Class Members are independent contractors or employees under applicable law;

24      b) Defendants have the right to control the manner and means by which the Call Service

25          Representatives perform their work;

26      c) Defendants direct and/or supervise the work that the Call Service Representatives

27          perform;

28

d)  Defendants' policy manuals and handbooks instruct the Call Service Representatives on how to conduct themselves and perform their work;

e)  The Call Service Representatives use and receive forms and materials provided by Defendants;

f)  The Call Service Representatives attend meetings or training conducted by Defendants regarding their work assignments and performance;

g)  Defendants assign the Call Service Representatives schedules;

h)  Defendants exercise control, directly or indirectly, over Class Members' work hours;

i)  Defendants exercise control, directly or indirectly, over Class Members' working conditions;

j)  Defendants exercise control, directly or indirectly, over the kinds equipment the Call Service Representatives use;

k)  Call Service Representatives need special training, skills or education to perform their work;

l)  Defendants supply tools and equipment to the Call Service Representatives;

m) The Call Service Representative work is part of the regular business of Defendants;

n)  The method by which Defendants pay the Call Service Representatives;

o)  The Call Service Representatives tenure with the company is indefinite and/or whether the contracts signed by the Call Service Representatives contain automatic renewal clauses and can be terminated by either party;

p)  Defendants have the authority to discipline and/or terminate a Call Service Representative;

q)  The Class Members are entitled to be reimbursed for Defendants' business expenses and deductions;

r)  Defendants failed to provide Plaintiff and the Class Members with meal and rest periods in compliance with California law;

s)  Defendants failed to pay Plaintiff and the Class Members statutory meal and rest period premium wages for non-compliant meal and rest periods;

t)  Plaintiff and the Class Members regularly were denied payment of all overtime wages due for overtime hours worked;

u)  Plaintiff and the Class Members regularly were denied payment of all regular wages due for regular hours worked;

v)  Plaintiff and the Class Members regularly were denied payment of at least minimum wage for all hours worked;

w)  Defendants failed to pay all wages due in a timely fashion under California law;

x)  Waiting time penalties are owed to Plaintiff and the Class Members;

y)  Defendants failed to maintain accurate records of hours worked by Plaintiff and the Class Members, and failed to provided accurate wage statements that comply with California *Labor Code* § 226; and

z)  Defendants' employment practices towards Plaintiff and Class Members constitute unfair business practices pursuant to California *Business and Professions Code* §§ 17200, *et seq.*

68.    **Typicality:** The claims of Plaintiff is typical of the claims of all members of the Class. Plaintiff is a member of the Class and have suffered harm as a result of the violations of the Wage Order and California *Labor Code* alleged herein, including but not limited to California *Labor Code* §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 and 2802.

69.    The Wage Order and the California *Labor Code* upon which Plaintiff bases these claims contain provisions that are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power by establishing onerous terms and conditions of employment.

70.    The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they

1  would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their

2  vastly superior financial and legal resources.  Requiring each Class Member to pursue an individual

3  remedy would also discourage the assertion of lawful claims by current employees for fear of

4  retaliation, and even by former employees, for fear of retaliation within the industry.

5      71.     The prosecution of separate actions by the individual Class Members, even if

6  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to

7  individual Class Members against the Defendants, which would establish potentially incompatible

8  standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class

9  Members which would, as a practical matter, be dispositive of the interests of the other Class

10 Members not parties to the adjudications, or which would substantially impair or impede the ability

11 of the Class Members to protect their interests.  Further, the claims of the individual members of the

12 Class are not sufficiently large to warrant vigorous individual prosecution considering all of the

13 concomitant costs and expenses.

14     72.     Such a pattern, practice and uniform administration of corporate policy regarding

15 illegal employee compensation described herein is unlawful and creates an entitlement to recovery

16 by the Plaintiffs and the Class identified herein, in a civil action, for the unpaid balance of the full

17 amount of unpaid wages, overtime and vacation wages, including interest thereon, applicable

18 penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor*

19 *Code* §§ 218.6, 226, 226.7, 227.3, & 1194, 1194.2 and 2802, California *Code of Civil Procedure*

20 § 1021.5, and applicable IWC wage order.

21     73.     Proof of a common business practice or factual pattern, which the named Plaintiff

22 experienced and are representative of, will establish the right of each of the Class Members to

23 recovery on the causes of action alleged herein.

24     74.     The Class Members are commonly entitled to a specific fund with respect to the

25 compensation illegally and unfairly retained by Defendants.  The Class Members are commonly

26 entitled to restitution of those funds being improperly withheld by Defendants.  This action is

27 brought for the benefit of the entire Class and will result in the creation of a common fund.

28 ///

## FIRST CAUSE OF ACTION

**Unpaid Overtime Wages**

**(California *Labor Code* §§ 510, 1194 and 1198,**

**and Industrial Welfare Commission Wage Order No. 9)**

**-By Plaintiff and Class Members Against All Defendants-**

75.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

76.     This action is brought, in part, pursuant to the Wage Order and *California Labor Code* §§ 510, 1194 and 1198.  Under the Wage Order and *California Labor Code* § 510, Defendants were required to compensate Plaintiff and all Class Members for all overtime, calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, and two (2) times the regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) day of work.

77.     While employed by Defendants, Plaintiff and the Class Members were required to work more than eight (8) hours in a day or forty (40) hours in a week.   Regardless of the number of actual hours worked, and even though Plaintiff and all Class Members are not exempt from California overtime laws, Plaintiff and all Class Members were not and are not afforded overtime compensation for any hours in excess of eight (8) hours in a workday and/or forty (40) hours per week.  By failing to compensate Plaintiff and all Class Members for the hours actually worked, Defendants have failed and continue to fail to pay the overtime compensation owed to Plaintiff and all Class Members pursuant to the Wage Order and the California *Labor Code.*

78.     Plaintiff is informed and believes and based thereon alleges that Defendants' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of *California Labor Code* § 1194, applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for overtime compensation earned as required by California law.

EXHIBIT A PAGE 017

79.     The conduct of Defendants and their agents and employees as described herein was willful and intentional and part of a corporate policy, procedure and practice. Furthermore, Defendants willfully failed to pay Plaintiff and Class Members proper compensation for all overtime hours worked at the appropriate rate of overtime pay.

80.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

81.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and each Class Member for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION

### Failure to Pay All Regular Wages

### (California Labor Code § 204)

### -By Plaintiff and Class Members Against All Defendants-

82.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

83.     At all times relevant herein, Defendants were required, by California *Labor Code* § 204, to compensate Plaintiff and Class Members correct and proper regular wages for all regular hours worked.

84.     As a pattern and practice, Defendants regularly required Plaintiff and Class Members to work more than eight (8) hours in a day, and forty (40) hours in a week; and required Plaintiff and Class Members to work through meal and rest breaks.  Regardless of the number of hours worked, Plaintiff and Class Members received the same pay, without payment of wages for all hours actually worked.

85.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class Members the proper wages for all hours worked

86.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members all regular wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all regular wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California *Labor Code* § 203.

87.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Sub-Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

**THIRD CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**(California *Labor Code* § 1194, 11.942 and 1197.1)**

**-By Plaintiff and Class Members Against All Defendants-**

88.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

89.     This cause of action is brought pursuant to California *Labor Code* § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

90.     At all times relevant herein, Defendants were required to compensate Plaintiff and Class Members at least the statutorily mandated minimum wage for all regular hours worked.

91.     As a pattern and practice, Defendants regularly required Plaintiff and Class Members to work without recording the time worked in any capacity, due to the misclassification of Call Service Representatives as independent contractors.

92.     As a result, Defendants regularly failed to pay Plaintiff and Class Members the statutorily required minimum wage for all hours worked.

93.     Defendants' conduct as alleged herein is in violation of California *Labor Code* § 1194 and the Wage Order. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for all hours worked at minimum wages as required by California law.

94.     Plaintiff is informed and believes and based thereon allege that Defendants willfully failed to pay Plaintiff and Class Members minimum wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Sub-Class Members who have separated from employment are entitled to compensation pursuant to *California Labor Code* § 203.

95.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Sub-Class Members for damages and wages owed, and for liquidated damages, penalties, interest, costs and attorney's fees.

### FOURTH CAUSE OF ACTION

**Failure to Pay All Regular Wages**

***(California Labor Code §§ 1197.1 and 1199, and the Wage Order)***

**-By Plaintiff and Class Members Against All Defendants-**

96.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

97.     At all times relevant herein, Defendants were required by California *Labor Code* §§ 1197.1 and 1199 and the Wage Order to compensate Plaintiff and Class Members correct and proper wages for all hours worked.

98.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class Members for all hours worked in excess of eight (8) hours in one day or forty (40) hours in a week.

99.     Plaintiff is informed and believes and based thereon alleges *that* Defendants willfully failed to pay Plaintiff and Class Members wages for all *hours worked*. Plaintiff is informed and

1   believes and based thereon allege that Defendants' willful failure to provide all wages due and

2   owing upon separation from employment results in a continued payment of wages up to thirty (30)

3   days from the time the wages were due.  Therefore, Plaintiff and Class Members are entitled to

4   compensation pursuant to California *Labor Code* § 203.

5       100.    Such a pattern, practice and uniform administration of unlawful corporate policy

6   regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff,

7   Class Members and Class Members for damages and wages owed, and for penalties, interest, costs

8   and attorney's fees, in an amount according to proof.

9                          **FIFTH CAUSE OF ACTION**

10                     **Failure to Allow or Pay for Meal Periods**

11                   **(California *Labor Code* §§ 226.7 and 512)**

12                   -By Plaintiff and Class Members Against All Defendants-

13      101.    Plaintiff realleges and incorporates herein by reference each and every allegation

14  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15      102.    At all times relevant herein, Defendants were required to provide Plaintiff and Class

16  Members with meal periods that comply with the California *Labor Code* and applicable regulations

17  and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

18      103.    Consistent with Defendants' corporate policy, practice and pattern, Defendants

19  regularly failed to provide, and in fact denied, Plaintiff's and Class Members' statutorily compliant

20  meal periods.

21      104.    Consistent with Defendants' policy, practice and pattern, Defendants regularly failed

22  to provide any breaks to Call Service Representatives, allow Plaintiff and Class Members to take or

23  timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendants regularly

24  failed to accurately record meal periods.

25      105.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully

26  failed to pay Plaintiff and Class Members proper meal period premium wages for all non-compliant

27  or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that

28  Defendants' willful failure to provide all such meal period wages due and owing to Class Members

EXHIBIT A PAGE 021

1  upon separation from employment results in a continued payment of wages up to thirty (30) days

2  from the time the wages were due.  Therefore, Class Members are entitled to compensation pursuant

3  to California *Labor Code* § 203.

4      106.      Such a pattern, practice and uniform administration of unlawful corporate policy

5  regarding employee compensation as described herein creates an entitlement to recovery by

6  Plaintiffs, Class Members and Class Members for damages and wages owed, and for penalties,

7  interest, costs and attorney's fees.

8      107.      Accordingly, Plaintiff and all members of the Class are entitled to one (1) hour of

9  compensation at their regular hourly rate for each workday that the proper meal periods were not

10  provided and one (1) hour of compensation at their regular hourly rate for each workday that the

11  proper meal periods were not provided in penalty wages pursuant to California *Labor Code* § 226.7

12  and the Wage Order.

13      108.      Plaintiff and Class Members are further entitled to civil penalties under California

14  *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for

15  which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages;

16  and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which

17  the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

18  ## SIXTH CAUSE OF ACTION

19  **Failure to Allow or Pay For Rest Periods**

20  **(California *Labor Code* §226.7)**

21  **-By Plaintiff and Class Members Against All Defendants-**

22      109.      Plaintiff realleges and incorporate herein by reference each and every allegation

23  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24      110.      At all times relevant herein, Defendants were required to provide Plaintiff and Class

25  Members with rest periods that comply with the California *Labor Code* and applicable regulations

26  and IWC wage order, including California *Labor Code* § 226.7.

27

28

111.    Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff and Class Members statutorily compliant rest periods.

112.    Consistent with Defendants' corporate policy, practice and pattern, Defendants failed to provide or allow Plaintiff and Class Members to take or timely take mandated rest periods due to their misclassification as independent contractors.

113.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper rest period premium wages for all non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, members of the Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

114.    Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

115.    Plaintiff and all members of the Class were regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that they are not and were not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

116.    Accordingly, Plaintiffs and all members of the Class are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

117.    Plaintiffs and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for

1 | which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages;

2 | and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which

3 | the employee was underpaid, in addition to any amount sufficient to recover.

### SEVENTH CAUSE OF ACTION

**Waiting Time Penalties**

**(California *Labor Code* §§ 201-203)**

**-By Plaintiff and Sub-Class Members Against All Defendants-**

8 | 118.    Plaintiff realleges and incorporates herein by reference each and every allegation

9 | contained in the preceding paragraphs of this Complaint as though fully set forth herein.

10 | 119.    At all times relevant herein, Defendants were required to pay their employees all

11 | wages owed in a timely fashion during and at the end of their employment, pursuant to California

12 | *Labor Code* §§ 201 through 203.

13 | 120.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and Sub-Class

14 | Members their final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly

15 | owe waiting time penalties pursuant to California *Labor Code* § 203.

16 | 121.    The conduct of Defendants and their agents and managerial employees as described

17 | herein was willful, and in violation of the rights of Plaintiff and the Sub-Class Members.

18 | 122.    Plaintiff is informed and believes and based thereon alleges that Defendants' willful

19 | failure to pay wages due and owing to Sub-Class Members upon separation from employment results

20 | in a continued payment of wages up to thirty (30) days from the time the wages were due.

21 | Therefore, Sub-Class Members are entitled to compensation pursuant to California *Labor Code* §

22 | 203.

### EIGHTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**

**(California *Labor Code* § 226(a))**

**-By Plaintiff and Class Members Against All Defendants-**

27 | 123.    Plaintiff realleges and incorporates herein by reference each and every allegation

28 | contained in the preceding paragraphs of this Complaint as though fully set forth herein.

EXHIBIT A PAGE 024

124.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

125.     Defendants failed and continue to fail in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to their California employees. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

126.     For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked, rates of pay, rates of overtime pay (as a result of Defendants' failure to record proper overtime hours worked, and to properly calculate the overtime rate of pay), and daily or weekly overtime pay.   As a result, Defendants failed to provide true and accurate wage statements to Plaintiff and Class Members, as required by California *Labor Code* § 226.

127.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class Members in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

EXHIBIT A PAGE 025

1    128.    Class Members, including Plaintiff, is entitled to recover from Defendants the greater

2    of their actual damages caused by Defendants' failure to comply with California *Labor Code* §

3    226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00) per employee.

### NINTH CAUSE OF ACTION

**Willful Misclassification of Individual as Independent Contractor**

**(California *Labor Code* § 226.8)**

**-By Plaintiff and Class Members Against All Defendants-**

8    129.    Plaintiff realleges and incorporates herein by reference each and every allegation

9    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

10    130.    Defendants intentionally and willfully characterized Plaintiffs and members of the

11    Class as independent contractors rather than employees in violation of Labor Code §226.8.

12    131.    Defendants have been engaging in a pattern and practice of misclassifying employees

13    as independent contractors for their own financial benefit.

14    132.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants,

15    Plaintiff and Class Members are entitled to recover damages in an amount to be determined at trial,

16    civil penalties, plus interest thereon, and attorneys' fees, and costs of suit pursuant to Labor Code §

17    226.8.

18    133.    Defendants have engaged in or are engaging in a pattern or practice of misclassifying

19    the Call Service Representatives, and Plaintiff seek recovery for civil penalties of not less than ten

20    thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each

21    violation, in addition to any other penalties or fines permitted by law.

22    134.    Plaintiff realleges and incorporate herein by reference each and every allegation

23    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24    ///

25    ///

26    ///

27    ///

28    ///

# TENTH CAUSE OF ACTION

## Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

### -By Plaintiff and Class Members Against All Defendants-

135. Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring Class Members to perform the labor complained of herein without overtime compensation, regular compensation or minimum wage for all hours worked, failing to provide meal and rest breaks, and failing to provide itemized wage statements. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

136. Plaintiff and the Class Members, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on their own behalf and on behalf of the Class Members and general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

137. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff, Class Members, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

138. Plaintiff, Class Members, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

///

EXHIBIT A PAGE 027

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

a) That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

b) That the Plaintiff be appointed as the representatives of the Class;

c) That counsel for Plaintiff be appointed as Class Counsel;

d) That the Court find that Defendants have been in violation of applicable provisions of the California Labor Code by failing to pay each member of the proposed Classes for all hours worked, including minimum wage;

e) That the Court find that Defendants have been in violation of applicable provisions of the California Labor Code §§510, 1194 et seq., and IWC Wage Order by failing to pay overtime wages to Plaintiff and members of the Class;

f) That the Court find that Defendants have been in violation of California Labor Code §§226.7 and 512 by failing to provide Plaintiff and members of the Class with meal periods and therefore owe compensation under California Labor Code §226.7(b);

g) That the Court find that Defendants have been in violation of California Labor Code §§226.7 by failing to authorize and permit rest periods for Plaintiff and members of the Class, and therefore owe compensation under California Labor Code §226.7(b);

h) That the Court find that Defendants have been in violation of California Labor Code § 2802, by failing to reimburse the Plaintiff and the Class reasonable business expenses and losses;

i) That the Court find that Defendants have violated the recordkeeping provisions of California Labor Code §§ 1174 and 1174.5 as to Plaintiff and the Class;

j) That the Court find that Defendants have been in violation of California Labor Code § 226 by failing to timely furnish Plaintiff and members of the Class with itemized statements accurately showing the total hours worked, vacation benefits, bonus benefits, and wages earned by each of them during each pay period;

l) That the Court find that Defendants have been in violation of California Labor Code §§201 and 202 and therefore owe waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other formerly employed members of the Class;

m) That the Court find that Defendants have been in violation of California Labor Code §226.8 and therefore owe civil penalties under California Labor Code §226.8 and all damages proximately caused by Defendants' wrongful conduct of engaging in a pattern or practice of willfully misclassifying Call Service Representative as independent contractors;

n) That the Court find that Defendants have committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, et seq., by their violations of the Labor Code and Wage Orders as described above;

o) That the Court find that Defendants' violations of the California Labor Code described herein have been willful;

q) That the Court award to Plaintiff and the proposed Class Members restitution for the amounts of unpaid wages, including interest thereon, liquidated damages and/or statutory penalties for failure to timely furnish accurate itemized wage statements, and waiting time and other statutory penalties in amounts subject to proof at trial;

r) That Defendants be ordered and enjoined to pay restitution and penalties to Plaintiff and the proposed Class Members due to Defendants' unlawful and/or unfair activities, pursuant to Business and Professions Code §§17200-17205;

s) That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §17200, pursuant to §17203;

t) That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 225.5, 226, 1194, 1197, and 2804, Code of Civil Procedure § 1021.5, and/or other applicable law;

u) That the Court award any other relief this Court deems just, equitable, and proper; and

v) That these Defendants be ordered to refrain from retaliating against any Class Members who are current employees.

1    w) Any and all other applicable statutory penalties, as provided by law; and

2    x) Any other and further relief the Court deems just and proper.

3

4

5                    <u>**DEMAND FOR JURY TRIAL**</u>

6        Plaintiff requests a trial by jury on all applicable claims.

7

8    Dated: April 5, 2017              By: _____

9                                Law Offices of Todd M. Friedman, P.C.

10                               Todd M. Friedman

11                               Adrian R. Bacon, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B



# ORIGINAL
## BY FAX

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCI DIRECT, INC. and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nicole Romano, individually and on behalf of all others similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| Superior Court of California |
| County of Los Angeles |
| **APR 06 2017** |
| Sherri R. Carter, Executive Officer/Clerk |
| By _____, Deputy |
| Shaunya Bolden |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 656654** |

111 N. Hill St.,
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| | | |
| --- | --- | --- |
| DATE:<br>*(Fecha)* **APR 06 2017** | SHERRI R. CARTER Clerk, by<br>*(Secretario)* J. Bolden | , Deputy<br>*(Adjunto)*<br>SHAUNYA BOLDEN |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
| --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT B PAGE 001

# COPY

**BY FAX**

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCI DIRECT, INC. and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nicole Romano, individually and on behalf of all others similarly situated

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 06 2017<br><br>Sherri R. Carter, Executive Officer/clerk<br><br>By Shaunya Bolden, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>111 N. Hill St.,<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>BC 656654 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

| | | |
|---|---|---|
| DATE: APR 06 2017<br>*(Fecha)* | SHERRI R. CARTER Clerk, by SHAUNYA BOLDEN<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **SCI DIRECT, INC.**

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT   BC 656654
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

EXHIBIT B PAGE 003

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>2150 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO: 877-206-4741    FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Nicole Romano | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 06 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Shaunya Bolden, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 N. Hill St.,
MAILING ADDRESS:  111 N. Hill St.,
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:

CASE NAME:
Nicole Romano v. SCI DIRECT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC656654 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is    [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 5, 2017
Todd M. Friedman
_____    _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

EXHIBIT B PAGE 004

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

EXHIBIT B PAGE 005

# COPY

| SHORT TITLE: Nicole Romano v. SCI DIRECT, INC. | CASE NUMBER BC 6 5 6 6 5 4 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

BY FAX

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

EXHIBIT B PAGE 006

| SHORT TITLE: Nicole Romano v. SCI DIRECT, INC. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (08)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT B PAGE 007

| SHORT TITLE: Nicole Romano v. SCI DIRECT, INC. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 6 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 6 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 6, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 6 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXHIBIT B PAGE 008

| SHORT TITLE: Nicole Romano v. SCI DIRECT, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON:  ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 4312 Woodman Avenue 3rd floor |
|---|---|
| CITY: Sherman Oaks | STATE: CA | ZIP CODE: 91423 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 5, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 **(Rev. 02/16).**

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT B PAGE 009

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**

**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                                      (ATTORNEY FOR PLAINTIFF)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                                      (ATTORNEY FOR DEFENDANT)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                                      (ATTORNEY FOR DEFENDANT)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                                      (ATTORNEY FOR DEFENDANT)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                      (ATTORNEY FOR _____)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                      (ATTORNEY FOR _____)

Date:
_____
     (TYPE OR PRINT NAME)       ➤   _____
                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT B PAGE 013

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT B PAGE 014

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date: _____

_____    ➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

EXHIBIT B PAGE 015

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT B PAGE 018

```
LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 04/06/17  09:49 AM
RECEIPT #: CCH465980039

CIT/CASE:  BC656654
LEA/DEF#:


PAYMENT:     $435.00           310
RECEIVED:
   CHECK:              $435.00
   CASH:                $0.00
   CHANGE:              $0.00
   CARD:                $0.00
```

```
LASC - FILINGS
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 04/06/17  09:50 AM
RECEIPT #: CCH465980040

CIT/CASE:  BC656654
LEA/DEF#:


PAYMENT:   $1,000.00           310
RECEIVED:
   CHECK:            $1,000.00
   CASH:                $0.00
   CHANGE:              $0.00
   CARD:                $0.00
```

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03.
Cal. Rules of Court, rule 3.221.

Page 2 of 4

EXHIBIT B PAGE 021

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

EXHIBIT B PAGE 022

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

EXHIBIT B PAGE 023

**Service of Process Instruction Form**

Paszko Attorney Service, Inc / Efficient eFiling
202 Fashion Lane, Suite 107, Tustin, CA 92780

efiling order No.:

Phone:    714-602-3103    Fax:    714-602-3104

If you submitted for efiling place order number here.

email: support@efficentfiling.com Status@paszkoattorneyservice.com

☐ RUSH  ☐ Do Today          Date: 4/5/17    Hold until:          Last day to Serve:

| | |
|---|---|
| Name: Taylor Labor Law, P.C. | Court County: Orange    Category: Unlimited |
| Address: 572 E. Green Street, Suite 307 | Court Location: Central |
| City, St, Zip: Pasadena, CA 91101 | Hearing Date:    Time:    Dept/Room: |
| Phone: (626) 219-6008    Fax: (626) 219-6009 | Case Number: 30-2017-00912412-CU-WT-CJC |
| Email: | |
| Contact: Maria | |
| File No.: | Kelley vs First American |

Documents: ☐ Check here if document list is attached

Summons & Complaint; ADR Package

Special Instructions or additional information (Vehicles, Gate Codes, Hours Worked etc.):

Please email service & server information once complete & we will email the proof of service

Def. 1  First American Title Company

If servee is a BUSINESS Agent for Service: Corporation Service Company-CSC Lawyers Incorporating Service

Def. 2  First American Financial Corporation

If servee is a BUSINESS Agent for Service: Corporation Service Company-CSC Lawyers Incorporating Service

Def. 3

If servee is a BUSINESS Agent for Service:

Def. 4

If servee is a BUSINESS Agent for Service:

| Primary Address (Included in base price) - Address Type: Business | Alternate Address (Extra fee Applies) - Address Type: - |
|---|---|
| 2710 Gateway Oaks Dr Suite 150N Sacramento, CA 95833 | |

**TO BE FILLED OUT BY ATTORNEY SERVICE**

☐ PERSONAL ONLY    ☐ OK TO POST    ☐ OK TO SUB    Job Number(s): _____

Date: _____    Time: _____    ☐ P/S  ☐ S/S  ☐ P&M ☐ OTP ☐ 1011 ☐ N/F

Attempts:

| 1. | 2. | 3. | 4. |
|---|---|---|---|

Notes:



**FILED**
Superior Court of California
County of Los Angeles

APR 26 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Veronica Solis

1

2

3

4

5

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11

12   NICOLE ROMANO,                     )   Case No. BC656654
                                         )
13                        Plaintiff,     )
                                         )   INITIAL STATUS CONFERENCE ORDER
14        vs.                            )   (COMPLEX LITIGATION PROGRAM)
                                         )
15   SCI DIRECT INC,                     )   Case Assigned for All Purposes to
                                         )   Judge Carolyn B. Kuhl
                          Defendant.     )
16                                       )   Department: 309
17                                       )   Date:  June 14, 2017
                                         )   Time:  2:45 p.m.
18                                       )

19

20        This case has been assigned for all purposes to Judge Carolyn B. Kuhl in the Complex Litigation

21   Program.  An Initial Status Conference is set for June 14, 2017 at 2:45 p.m. a.m. in Department 309

22   located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles,

23   California 90005.  Counsel for all parties are ordered to attend **IN PERSON**.

24        The court orders counsel to prepare for the Initial Status Conference by identifying and

25   discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate

26   contact with counsel for defense to begin this process.  Counsel then must negotiate and agree, as much

27   as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference

28

1

Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. The Superior Court of Los Angeles County* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket

2

EXHIBIT B PAGE 026

number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

   ■ Motion to Compel Arbitration,

   ■ Early motions in limine,

   ■ Early motions about particular jury instructions and verdict forms,

   ■ Demurrers,

   ■ Motions to strike,

   ■ Motions for judgment on the pleadings, and

   ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

3

merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor and submit a proposed order. (The Court suggests contacting the vendor for a draft form of order.) If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

4

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on

---

[2] California Rule of Court, Rule 3.770(a)

5

counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order.

    If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department 309 and request an earlier date for the Initial Status Conference.

Dated:  April 26, 2017

Carolyn B. Kuhl
Judge of the Los Angeles Superior Court

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/26/17                                                                    DEPT. 309

| | | |
|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE          DEPUTY CLERK |
| | | BY V. SOLIS, JAT |
| HONORABLE | JUDGE PRO TEM | E. MUNOZ, C.A.      ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NOT REPORTED                Reporter |

| | |
|---|---|
| BC656654 | Plaintiff<br>Counsel                    NO APPEARANCES |
| NICOLE ROMANO<br>VS<br>SCI DIRECT INC | Defendant<br>Counsel |
| COMPLEX 04/26/17 | |

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
June 14, 2017, 2:45 p.m. in this department. At
least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the
issues set forth in the Initial Status Conference
Order issued this date. The Initial Status
Conference Order is intended to help the Court and
the parties manage this complex case in order to
reduce litigation costs by developing an orderly
schedule for briefing, discovery, and court
hearings. The parties are encouraged to informally
exchange discovery prior to the Initial Status
Conference.

Responsive pleadings shall not be filed until
further Order of the Court. Parties must file a
Notice of Appearance in lieu of an Answer or other
responsive pleading. The filing of a Notice of

Page   1 of  3    DEPT. 309

MINUTES ENTERED
04/26/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/26/17 | | | DEPT. 309 |
|---|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE | DEPUTY CLERK |
| | | BY V. SOLIS, JAT | |
| HONORABLE | JUDGE PRO TEM | E. MUNOZ, C.A. | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NOT REPORTED | Reporter |

|  |  |  |
|---|---|---|
| BC656654 | Plaintiff Counsel | NO APPEARANCES |
| NICOLE ROMANO VS SCI DIRECT INC | Defendant Counsel | |

COMPLEX 04/26/17

**NATURE OF PROCEEDINGS:**

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access information on procedures in the Complex Litigation Program courtrooms on the Court's website at www.lacourt.org.

Pursuant to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the April 26, 2017 Minute Order and Initial Status Conference Order (Complex Litigation Program) upon each party or counsel named below by

Page  2 of  3    DEPT. 309

MINUTES ENTERED
04/26/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/26/17                                                              DEPT. 309

HONORABLE CAROLYN B. KUHL          JUDGE  J. MANRIQUE          DEPUTY CLERK
                                          BY V. SOLIS, JAT
HONORABLE                     JUDGE PRO TEM  E. MUNOZ, C.A.     ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff  NOT REPORTED                Reporter

| | | |
|---|---|---|
| BC656654 | Plaintiff Counsel | NO APPEARANCES |
| NICOLE ROMANO VS SCI DIRECT INC | Defendant Counsel | |

COMPLEX 04/26/17

NATURE OF PROCEEDINGS:

placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.


Dated: April 26, 2017

Sherri R. Carter, Executive Officer/Clerk


By: _____
        V. Solis, Deputy Clerk


Friedman, Todd M., Esq.
Bacon, Adrian R., Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St, Ste 780
Woodland Hills, CA 91367

                    Page  3 of 3    DEPT. 309

MINUTES ENTERED
04/26/17
COUNTY CLERK

# Exhibit C

Case Summary - Online Services - LA Court

Page 1 of 2

**THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Search



| Home | Online Services | Forms & Filings | Self-Help | Divisions | Jury | General Info |
|---|---|---|---|---|---|---|
| | Pay Fines, Search Records... | Forms, Filing Fees... | Self-Rep, Info, FAQs... | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA, Local Rules... |

ONLINE SERVICES

# Case Summary

### CASE SUMMARY

PRINT    NEW SEARCH

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Case Number: BC656654
NICOLE ROMANO VS SCI DIRECT INC

Filing Date: 04/06/2017
Case Type: Other Employment Complaint (General Jurisdiction)
Status: Pending

### Future Hearings

**06/14/2017** at 02:45 pm in department 309 at 600 South Commonwealth Ave., Los Angeles, CA 90005
Initial Status Conference

Documents Filed | Proceeding Information

### Parties

DOES 1 TO 50 - Defendant/Respondent
FRIEDMAN TODD M. ESQ. - Attorney for Plaintiff/Petitioner
ROMANO NICOLE - Plaintiff/Petitioner
SCI DIRECT INC - Defendant/Respondent

Case Information | Party Information | Proceeding Information

### Documents Filed (Filing dates listed in descending order)
**04/26/2017** Order (INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) )
Filed by Clerk
**04/13/2017** Proof-Service/Summons (SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, ADDENDUM, NTC OF CASE ASSIGNMENT, VOLUNTARY EFFICIENT LITIGATIN STIP )
Filed by Attorney for Plaintiff/Petitioner
**04/06/2017** Complaint

Case Information | Party Information | Documents Filed

5/10/2017

EXHIBIT C PAGE 001

Case Summary - Online Services - LA Court                                    Page 2 of 2

**Proceedings Held** (Proceeding dates listed in descending order)

**04/26/2017** in Department 309, Carolyn B. Kuhl, Presiding
Order-Complex Determination - **Case Determined to be Complex**

Case Information | Party Information | Documents Filed | Proceeding Information          NEW SEARCH

---

Art Showcased in
Los Angeles Courthouse Jury Rooms



"Fishing" by David Sanchez
2013 - Teen 1st Place



Privacy Statement   |   Disclaimer   |   Employment   |   ADA   |   Holidays   |   Comment on our Website          Copyright 2014 Superior Court of California, County of Los Angeles

http://www.lacourt.org/casesummary/ui/casesummary.aspx?                       5/10/2017

EXHIBIT C PAGE 002