Todd M. Friedman (216752)
tfriedman@toddflaw.com
Adrian R. Bacon (280332)
abacon@toddflaw.com
Thomas E. Wheeler (308789)
twheeler@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367

Attorneys for Plaintiffs

Carrie M. Francis (309280)
carrie.francis@stinson.com
Lonnie J. Williams, Jr. (*pro hac vice*)
lonnie.williams@stinson.com
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

Christopher P. Leyel (161755)
cleyel@yokasmith.com
**YOKA & SMITH, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071

Attorneys for Defendant SCI Direct, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole Romano and Jonathan Bono, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCI Direct, Inc. and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 2:17-cv-03537-ODW-JEM<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS** |

The Court having reviewed the parties' Stipulation re [Proposed] Protective Order regarding Confidentiality of Discovery Information and Documents, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding *Nicole Romano et al. v. SCI Direct, Inc., et al.*, United States District Court, Central District of California Case 2:17-cv-03537-ODW-JEM.

    b. "Protected Materials" means financial information and trade secrets of Defendant and/or personal identifying information of Independent Sales Representatives ("ISRs").

    c. "Court" means the Hon. Otis D. Wright, II, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    d. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law on the basis of it constituting Protected Materials.

    e. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order. The Designating Party may designate Confidential Materials by affixing the word "Confidential" on the materials as set forth in Paragraph 4 of this Protective Order.

    f. "Highly Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such

information is extremely sensitive and/or proprietary, the disclosure of which would create a substantial risk of serious injury that cannot be avoided by less restrictive means on the basis of it constituting Protected Materials.

  g. "Highly Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Highly Confidential" pursuant to the provisions of this Protective Order. The Designating Party may designate Highly Confidential Materials by affixing the words "Highly Confidential" on the materials as set forth in Paragraph 4 of this Protective Order

  h. "Designating Party" means the Party that designates Materials as "Confidential" or "Highly Confidential."

  i. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  j. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

  k. "Information" means the content of Documents or Testimony.

  l. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

  2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law on the basis of it constituting Protected Materials.

3

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

3. The Designating Party shall have the right to designate as "Highly Confidential" any Documents, Testimony or Information that the Designating Party believes in good faith contains information that is extremely sensitive and/or proprietary, the disclosure of which would create a substantial risk of serious injury that cannot be avoided by less restrictive means. Such Documents, Testimony or Information may include Defendants' proprietary and trade secret documents.

4. Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" and/or "Highly Confidential" designations should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated Confidential Material or Highly Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. Identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as such; or

        ii. Designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition

transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Materials or Highly Confidential Materials may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

      c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential". If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is Confidential or Highly Confidential and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or

Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) prepare and file a stipulated motion in accordance with Local Rule 37 with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the

6

Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

      7.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

         a.      the Court;

         b.      In-house counsel to the undersigned Parties and attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

         c.      Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials, any such officer, director, partner, member, employee or agent shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

this Protective Order and that they may not be Disclosed other than pursuant to its terms;

   d. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

   e. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

   f. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

   g. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

   h. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

      i.     Any other person to whom the Designating Party agrees to in writing.

8. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential" shall be permitted only to the following persons:

      a.     the Court;

      b.     Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; provided, however, that each non-lawyer given access to Highly Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

      c.     Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

      d.     Any deposition, trial or hearing witness in the Proceeding who previously had access to the Highly Confidential Materials;

      e.     Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective

9

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  f. Any other person to whom the Designating Party agrees to in writing.

 9. Confidential Materials or Highly Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

 10. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

  a. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order): (i) to seek a determination by the Court of whether any particular Confidential Material or Highly Confidential Material should be subject to protection under the terms of this

10

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

Protective Order; or (ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

13. If any person subject to this Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials or Highly Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating

PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

CORE/0810992.0057/135355053.2

Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Materials to the immediate attention of the Designating Party.

16. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, is included in any document to be filed with the

CORE/0810992.0057/135355053.2

Court, the process for filing such documents shall be governed by L.R. 79-5.1 *et seq.*.

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court, (b) destroy and provide notice of destruction, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a

Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

GOOD CAUSE APPEARING, the Court hereby approves the parties' Stipulation re [Proposed] Protective Order regarding Confidentiality of Discovery Information and Documents.

IT IS SO ORDERED.

Dated: October 10, 2017      *John E. McDermott*

The Honorable Magistrate Judge John E. McDermott

# EXHIBIT A
# DECLARATION OF "QUALIFIED PERSON"

_____ declare that I have read the Stipulated Protective Order entered in the action entitled *Nicole Romano et al. v. SCI Direct, Inc., et al.*, United States District Court, Central District of California Case 2:17-cv-03537-ODW-JEM, and agree to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the litigation or preparation for litigation of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party that designated the document as containing Confidential Information consents in writing prior to disclosure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California and venue in that Court, for any actions necessary or required to enforce this Stipulated Protective Order as it pertains to me and my agreement herein.

I declare under penalty of perjury under the laws of the United States of America and 28 U.S.C. § 1746 that the foregoing is true and correct and that this Declaration is executed on _____.

Signature of Declarant  _____

Print name: _____

Affiliation: _____

Business Address: _____

Home Address: _____