O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ROMANO and JONATHAN BONO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCI DIRECT, INC.; and DOES 1–50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-03537-ODW (JEM)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [94]; DENYING AS MOOT PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION [90]; DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [89]** |

## I. INTRODUCTION

Plaintiffs Nicole Romano and Jonathan Bono allege that Defendant SCI Direct, Inc. misclassified Plaintiffs, and the national class they seek to represent, as independent contractors rather than employees. As a result of this misclassification, Plaintiffs allege they are entitled to damages under the California Labor Code, the Fair Labor Standards Act ("FLSA"), and the Private Attorney General Act ("PAGA"), and damages and injunctive relief under California's Unfair Competition Law ("UCL"). Plaintiffs moved for conditional certification of a nationwide class under the FLSA and for certification of a California class under Rule 23(b) to pursue damages for

1

violations of various California laws. (Rule 23 Mot., ECF No. 89; FLSA Mot., ECF No. 90.) Defendant moved for summary judgment on all of Plaintiffs' claims and argues that, should the Court grant its Motion, Plaintiffs' Motions are moot. (MSJ, ECF No. 94.)

For the following reasons, the Court **GRANTS IN PART** Defendant's Motion for Summary Judgment (ECF No. 94), **DENIES AS MOOT** Plaintiffs' Motion for Conditional Certification under the FLSA (ECF No. 90), and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Class Certification under Rule 23(b). (ECF No. 89.)

## II. BACKGROUND

### A. Factual Background

Defendant is in the business of providing and selling cremation services. Plaintiffs used to work for Defendant as "Independent Sales Representatives" ("ISRs") selling pre-need cremation services. (Pls.' Response to Def.'s Statement of Uncontroverted Fact ("Def.'s SUF") ¶¶ 1, 2, 6, ECF No. 100-2.) Defendant classified Plaintiffs and all other ISRs as independent contractors and paid them strictly on commission from their sales. (Def.'s Response to Pls.' Separate Statement of Uncontroverted Fact ("Pls.' SUF") ¶¶ 51–52, ECF No. 106-1; Def.'s SUF ¶¶ 11, 12.)

### B. Procedural Background

Romano filed this lawsuit in Los Angeles Superior Court on April 6, 2017, on behalf of herself and other similarly situated employees. (Compl., ECF No. 1.) Defendant removed the case on May 10, 2017, claiming that the Court had subject matter jurisdiction under 28 U.S.C. § 1332(c)(1) and the Class Action Fairness Act ("CAFA"). (Not. of Removal, ECF No. 1.)

Romano moved for leave to file an amended complaint in order to add Bono as a class representative and plaintiff, and the Court granted her motion. (ECF Nos. 28, 30.) Defendant moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. (ECF No. 32.) Instead of opposing the motion, Plaintiffs filed a Second

Amended Complaint, thus mooting Defendant's Motion. (ECF Nos. 33, 45.) Defendant then moved to dismiss Plaintiffs' Second Amended Complaint, which the Court granted with leave to amend. (ECF Nos. 50, 71.)

On December 11, 2017, Plaintiffs filed their Third Amended Complaint ("TAC") and alleged the following causes of action on behalf of themselves and the putative class: (1) Unpaid overtime wages under California Labor Code §§ 510, 1194, 1198, and Industrial Welfare Commission Wage Order No. 4; (2) Failure to pay minimum wages under California Labor Code §§ 1194, 1194.2, and 1197.1; (3) Failure to pay all regular wages under California Labor Code §§ 1197.1, 1199, and the Wage Order; (4) Failure to allow or pay for meal period under California Labor Code §§ 226.7 and 512; (5) Failure to allow or pay for rest periods under California Labor Code § 226.7; (6) Waiting time penalties under California Labor Code §§ 201–03; (7) Failure to provide accurate itemized wage statements under California Labor Code § 226(a); (8) Unfair business practices under California Business and Professions Code §§ 17200, et seq.; (9) Failure to pay overtime under the FLSA, 29 U.S.C. § 216(B); (10) a PAGA claim seeking civil penalties for violations of California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 226.8, 510, 1197, 1198, and Sections 3, 4, 11, and 12 of the Wage Order. (*See generally* TAC, ECF No. 81.)

On January 18, 2018, Plaintiffs moved (1) to certify a California sub-class of current and former ISRs to pursue the California-law claims under Federal Rule of Civil Procedure 23(b) and (2) for conditional certification of a nationwide class of current and former ISRs to pursue the FLSA claims. (ECF Nos. 89, 90.)

On February 7, 2018, Defendant moved for summary judgment on all of Plaintiffs' claims, arguing in the alternative that, even if Defendant should have classified Plaintiffs as employees, ISRs qualify as "outside salespersons" who are exempt from various requirements under California and federal law, including those mandating overtime, minimum wage, and meal and rest breaks. (MSJ 2.) Defendant claims that granting its Motion for Summary Judgment would render Plaintiffs' class

certification motions moot. The Court heard oral argument from both parties on all three pending motions on March 19, 2018.

### III. LEGAL STANDARD

**A. Motion for Summary Judgment**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an

element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

**B.      Motion for Class Certification**

Recognizing that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," Rule 23 demands two requirements be met before a court certifies a class. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

A party must first meet the requirements of Rule 23(a), which demands the party "prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation." *Id.* Although not mentioned in Rule 23(a), some district courts have required that the moving party must also demonstrate the class is "ascertainable." *See, e.g.*, *Tietsworth v. Sears, Roebuck and Co.*, No. 5:09-cv-00288 JF (HRL), 2013 WL 1303100, at *3 (N.D. Cal. Mar. 28, 2013); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012); *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). Recently, the Ninth Circuit indicated that it has not explicitly adopted an "ascertainability" requirement, but that "ascertainability issues" are addressed through analysis of Rule 23's enumerated requirements. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017).

If a party meets Rule 23(a)'s requirements, the proposed class must also satisfy at least one of the requirements of Rule 23(b). Under Rule 23(b), class certification is appropriate if (1) there is a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; or (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Fed. R. Civ. P. 23(b)(1)–(3).

District courts are given broad discretion to grant or deny a motion for class certification. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). The party seeking class certification bears the burden of showing affirmative compliance with Rule 23. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule."). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* Nevertheless, the merits can be considered only to the extent they are "relevant to determining whether the Rule 23 prerequisites to class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).[1]

## IV. DISCUSSION

### A. Defendant's Motion for Summary Judgment

Defendant's position is that Plaintiffs were not misclassified as independent contractors. (MSJ 1.) Defendant's Motion is based on its affirmative defense, pled in the alternative, that even if Plaintiffs could prove they were employees, ISRs qualify as "outside salespersons," who are exempt from the various California and federal statutes Plaintiffs claim Defendant violated. (*Id.* at 2.)

The FLSA provides that "any employee employed . . . in the capacity of outside salesman" is exempt from the FLSA's minimum wage and overtime requirements. 29 U.S.C. § 213(a)(1). Regulations promulgated under the FLSA define "outside salesman" as any employee:

> (1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the [FLSA], or (ii) obtaining orders or contracts for services of for the use of facilities for which a consideration will be paid by the client or customer; and

---

[1] Because Plaintiffs' Motion for Conditional Certification is moot as a result of the ruling on Defendant's Motion for Summary Judgment, the Court declines to address the legal standard for conditional certification under the FLSA.

6

>   (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such a primary duty.

29 C.F.R. § 541.500(a).

Under California law, "outside salespersons" are exempt from statutory overtime, minimum wage, and meal-and-rest-period requirements. Cal. Lab. Code § 1171. Under the applicable Industrial Welfare Commission ("IWC") wage order, an "outside salesperson" is "any person, 18 years of age or over, who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities." Wage Order 7-2001(2)(J).

The Tenth Circuit discussed the policy behind such "outside sales" exemptions generally:

>   The reasons for excluding an outside salesman are fairly apparent. Such salesmen, to a great extent, work[] individually. There are no restrictions respecting the time he shall work and he can earn as much or as little, within the range of his ability, as his ambition dictates. In lieu of overtime, he ordinarily receives commissions as extra compensation. He works away from his employer's place of business, is not subject to the personal supervision of his employer, and his employer has no way of knowing the number of hours he works per day. To apply hourly standards primarily devised for an employee on a fixed hourly wage is incompatible with the individual character of the work of an outside salesman.

*Jewel Tea Co. v. Williams*, 118 F.2d 202, 207–08 (10th Cir. 1941).

The following undisputed facts support Defendant's conclusion that Plaintiffs would qualify as an "outside salesman" or "outside salesperson" under California and Federal law:

- The Independent Sales Contractor Agreement ("ISR Agreement"), which Plaintiffs each signed, stated in part: "The Company hereby engages Contractor

7

to sell, and Contractor agrees to sell, contracts related to the Company's pre-need cremation business . . ." (Def.'s SUF ¶ 1.)

- As an ISR, Romano would "go into peoples' homes" to "try to sell them . . . a package relating to cremation services." (*Id*. ¶ 2.)
- ISRs work in a "sales job." (*Id*. ¶ 3.)
- As an ISR, Bono would "go to the homes of customers and sell them [Defendant's] services." (*Id*. ¶ 6.)
- For his tax return, Bono identified his "Principal business or profession" as "Sales" or "Sales Counselor." (*Id*. ¶ 8.)
- Both Bono and Romano spent "significant time . . . driving to sales appointments" as an ISR. (*Id*. ¶¶ 15, 16.)
- Romano would spend on average four to five hours a day driving to sales appointments, which included getting to the appointment, having the appointment, and then returning. (*Id*. ¶ 17.)
- More than 50 percent of the time Romano spent as an ISR was spent out in the field trying to make sales, or driving to make sales. (*Id*. ¶ 18.)
- By his own estimation, as an ISR, Bono spent on average "four to five hours a day driving to sales appointments." (*Id.* ¶ 25.)
- By his own estimation, as an ISR, Bono "worked on average forty to forty-five hours per week" and "spent on average four to five hours a day driving to sales appointments . . . and split his time approximately 50%–50% between home and [Defendant's] office when not traveling to and making sales appointments." (*Id.* ¶ 44.)
- By her own estimation, Romano "spent on average four to five hours a day driving to sales appointments . . . and split her time approximately 50%–50% between home and [Defendant's] office, when not traveling to and making sales appointments." (*Id.* ¶ 45.)

Based on these undisputed facts, Defendant has met its burden to establish that Plaintiffs qualify as either "outside salesmen" or "outside salespersons." Plaintiffs put forward no evidence to contradict this assertion. In fact, they accept that they would likely qualify under either standard for the "outside sales" exemption. (Opp'n to MSJ 14, ECF No. 100 ("Plaintiffs also do not dispute that they worked primarily outside of Defendant's place of business, and would satisfy either of the subtly different tests under either the California Labor Code or the FLSA . . .").) Instead, Plaintiffs argue that, even if they qualify as "outside salesperson," they still have claims that would survive summary judgment: namely (1) indemnification of reasonable business expenses under § 2802 of the California Labor Code; (2) the UCL and PAGA claims based on violations of California Labor Code § 226.8 (prohibiting the willful misclassification of an individual as an independent contractor) and § 2802; and (3) injunctive and declaratory relief under California law and the FLSA that Plaintiffs and other ISRs were misclassified as independent contractors. (Opp'n to MSJ 2–3.) Alternatively, Plaintiffs argue that Defendant cannot rely on the "outside sales" exemption, even if Plaintiffs technically qualify under the relevant definitions, because Defendant misclassified them as independent contractors rather than outside sales employees. This argument presumes that an employer must accurately classify someone as an "employee" for the exemption to apply. The Court addresses these arguments in turn.

    *1.    Whether Defendant Can Claim Both that the Plaintiffs Were Independent Contractors and Outside Salesmen*

Plaintiffs argue that the "outsides sales" exemption, under both the Labor Code and FLSA, applies only to "employees," and Defendant classified Plaintiffs not as employees but as independent contractors. (Opp'n to MSJ 16–17.) That lack of formal classification as "employees," Plaintiffs argue, precludes application of the outside sales exemption. (*Id.*) Plaintiffs' argument fails because (1) being "classified" as an employee is not a requirement of the "outside sales" exemption and

(2) courts in this circuit have allowed similarly situated defendants to plead in the alternative and succeed at the summary judgment stage.

Plaintiffs' argument centers on its contention that actually being classified as an employee is a required element of being found to qualify under the "outside sales" exemption under both the FLSA and the Labor Code. This so-called "classification" requirement, however, is not found in either statute. Both statutes simply exempt "employees employed" in an outside sales role from various requirements that are mandatory for other employees.

Additionally, multiple courts in this circuit have granted summary judgment on alternatively-pled affirmative defenses on the issue of whether plaintiffs would qualify as "outside salesmen," even when defendants maintain that plaintiffs were not misclassified as independent contractors.

In *Moore v. Int'l Cosmetics and Perfumes, Inc*., plaintiffs alleged that defendant had incorrectly designated its sales and marketing employees as independent contractors, rather than employees, and brought claims under the California Labor Code, the UCL, and PAGA. No. 14-1179-DMG-DTB, 2016 WL 3556610, at *1 (C.D. Cal. June 24, 2016). The defendant moved for summary judgment under California's outside salesperson exemption, which the Court granted. In so ruling, the court rejected the plaintiff's argument that the defendant could not "have it both ways" in arguing that they were both employees for the purpose of the motion and independent contractors for others. *Id*. at *7. Finding that "[m]utually inconsistent defenses are permissible under federal pleading standards," the court held that the defendant "met its burden of establishing that, if [the sales and marketing associates] were properly classified as employees, they are subject to the outside salesperson exemption." *Id.* (citing *Oki Am., Inc. v. Microtech Int'l, Inc*., 872 F.2d 312, 314 (9th Cir. 1989)) (emphasis in original). The court also held that it did not have to "decide whether the plaintiff was an employee or an independent contractor, given that independent contractors are also exempt from the relevant wage and hour laws." *Id.*

Similarly, in *Taylor v. Waddell & Reed, Inc.*, the plaintiffs sought to represent a class of financial products sales advisors who alleged they were misclassified as independent contractors. No. 09-cv-2909-AJB-WVG, 2012 WL 10669, at *1 (S.D. Cal. Jan. 3, 2012). The defendant moved for summary judgment on the issue of whether plaintiffs qualified as outside salesmen. The court granted the motion and held that the "[p]laintiffs' FLSA claims fail as a matter of law, regardless of whether [they] are considered employees or independent contractors." *Id*. at *5.

Therefore, the Court **GRANTS IN PART** Defendant's Motion for Summary Judgment (ECF No. 94) and finds that Defendant has established that even if Plaintiffs were employees, and not independent contractors, they would qualify under the "outside sales" exemption of the California Labor Code and FLSA. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims for minimum wage, overtime, regular wage, meal period, rest period, and waiting time penalties under the California Labor Code and Plaintiffs' overtime claim under the FLSA. The Court also **DISMISSES** Plaintiffs' corresponding claims under the UCL and PAGA for these alleged violations.

The Court next addresses which of Plaintiffs' claims survive Defendant's Motion for Summary Judgment.

*2.   Plaintiffs' FLSA Claims*

Plaintiffs argue that their declaratory relief claim under the FLSA, which seeks a declaration that Plaintiffs were misclassified, survives despite application of the "outside sales" exemption. (Opp'n to MSJ 13.) Declaratory relief, however, is not available under the FLSA. *See Mich. Corrections Org. v. Mich. Dept. of Corrections*, 774 F.3d 895, 904 (6th Cir. 2014) (holding that "Congress did not permit courts to imply a private right to bring . . . a declaratory judgment right of action" under the FLSA); *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1107 (E.D. Cal. 2017) ("[T]here is no declaratory relief available under the FLSA itself[.]").

The cases Plaintiffs cite in support of this argument are irrelevant. For example, in *Collinge v. IntelliQuick Delivery, Inc.*, the plaintiffs sought declaratory relief for non-FLSA claims. No. 2:12-cv-00824-JWS, 2015 WL 1292444, at *1 (D. Ariz. Mar. 23, 2015) (seeking "declaratory judgment that several of defendants' contracts [were] unenforceable."). And, in the other case Plaintiffs cite, *Cummings v. Cenergy Int'l Servs.*, LLC, 271 F. Supp. 3d 1182 (E.D. Cal. 2017), the plaintiffs asserted their claim for declaratory relief that the defendant violated the FLSA under the Declaratory Judgment Act, not the FLSA itself.

Therefore, the Court **DISMISSES** Plaintiffs' FLSA claims in their entirety and **DENIES AS MOOT** Plaintiffs' pending Motion for Conditional Certification under the FLSA. (ECF No. 90.)

*3. Plaintiffs' Claim for Reimbursement under California Labor Code § 2802*

In their Opposition, Plaintiffs assert that their claim for reimbursement under California Labor Code § 2802(a) should survive, because even outside sales employees are entitled to "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." (Opp'n to MSJ 8 (citing *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554 (2007).)

Plaintiffs, however, have not pleaded an independent cause of action under § 2802(a). Plaintiffs acknowledged this fact at the hearing. Therefore, Plaintiffs do not have a standalone claim for a violation under § 2802.

*4. Plaintiffs' Claim for Failure to Provide Accurate Itemized Wage Statements Under California Labor Code § 226(a)*

Even though the outside sales exemption applies to Plaintiffs, their claim under § 226(a) survives. Neither party addressed this possibility in their briefing, but a number of district courts in this circuit have held that even outside sales employees are entitled to itemized wage statements.

One Court explained:

> In light of the clear statutory language and legislative history of section 226(a) and the principle of interpreting statutes with an eye towards protecting employees, the court finds that plaintiff was not exempt from the itemized wage statement requirements of California Labor Code section 226(a)(2). While plaintiff likely qualifies as an outside salesperson, Wage Order 4–2001 does not provide an additional exception, not enumerated in the statute, to California Labor Code section 226(a)(2).

*Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1131 (E.D. Cal. 2015); *see also Del Thibodeau v. ADT Security Servs.*, No. 3:16-cv-2680-GPC-AGS, 2018 WL 637947 (S.D. Cal. Jan. 31, 2018) (holding that the "outside sales" exemption applied to Plaintiff precluding him from bringing overtime claims, but allowing his § 226(a) claim to proceed).

Therefore, Plaintiffs' claim for failure to provide accurate itemized wage statements under § 226(a) survives summary judgment.

    *5.    Plaintiffs' PAGA Claims*

Plaintiffs allege a number of claims under PAGA on behalf of themselves and the class they seek to represent. As a result of the Court's finding that the outside sales exemption applies, most of Plaintiffs' PAGA claims must be dismissed, because they relate to the failure to pay overtime and minimum wage and to provide meal breaks and rest periods. Plaintiffs argue, however, that two of their PAGA claims would survive even if the "outside sales" exemption applies: (1) their claim for reimbursement of business expenses under California Labor Code § 2802 and (2) their claim for Defendant's willful misclassification of Plaintiffs as independent contractors under California Labor Code § 226.8.

    **(a)  Section 2802**

Defendant argues that Plaintiffs' § 2802 claim should not proceed, because Plaintiff did not comply with PAGA's strict notice provisions.

A plaintiff can bring a PAGA claim after (1) the aggrieved employee provides the Labor and Workforce Development Agency ("LWDA") and his employer with

13

written notice of the employer's alleged Labor Code violations; and (2) the employee either receives written notice from the LWDA that the agency does not intend to investigate the alleged violation or 33 days pass from the date the plaintiff provided notice to the LWDA and the LWDA does not respond. Cal. Lab. Code § 2699.3(a)(2).

Plaintiffs included copies of their PAGA notice letters with their Opposition. (Romano's June 7, 2017 PAGA Letter, ECF 100-1; Bono's September 7, 2017 PAGA Letter, ECF 100-1.) Neither letter, however, references § 2802. Instead, the letters reference Sections 1194, 1197, 510, 1194, 1198, 226.8, 226.7, 512, 226, 201, 202, 203, 558, and Wage Order No. 4, and request that the LWDA "not investigate these violations" and "permit [Plaintiffs] to pursue a claim for such penalties under [PAGA]."

Additionally, Plaintiffs do not list § 2802 as one of the various statutes under which they seek civil penalties in the section of the TAC related to their PAGA cause of action. (See TAC ¶¶ 189–200.)

Therefore, the Court finds that Plaintiffs cannot proceed with a PAGA claim under § 2802.

**(b) Section 226.8**

Section 226.8 makes it unlawful for any employer to willfully misclassify an individual as an independent contractor. Plaintiffs may not assert a direct private right of action under this section, but they may seek civil penalties for a violation of this section under PAGA. *See Noe v. Super. Ct.*, 237 Cal. App. 4th 316, 339 (2015). An employer engaged in a pattern or practice of willfully misclassifying employees is subjected to a minimum $10,000 civil penalty (maximum is $25,000).

Plaintiffs provided adequate notice to LWDA of their intent to pursue a PAGA claim under this statute. Additionally, Plaintiffs' PAGA claim for violation of Section 226.8 remains even after a finding that the "outside sales" exemption applies, because the issue still remains of whether Defendant should have classified ISRs as outside sales employees or independent contractors. Defendants concede that this claim

14

would survive their summary judgment motion. (Reply 2, ECF No. 106.)

Therefore, Plaintiffs' PAGA claim under § 226.8 for willful misclassification survives summary judgment.

### (c) Section 226(a)

As explained above, Plaintiffs' claims under this section for failure to provide accurate wage statements survive summary judgment. Additionally, Plaintiffs provided adequate notice to LWDA of their intent to pursue a PAGA claim under this statute.

### 6. *Plaintiffs' UCL Claim*

Plaintiffs contend that their UCL claims for violation of sections 226.8 and 2802 should survive Defendant's Motion for Summary Judgment. However, as explained above, Plaintiff has not stated a claim under § 2802, either as a standalone violation or under the UCL. Additionally, there is no private right of action under § 226.8, and Plaintiffs cannot get around that by seeking relief under the UCL. *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 68 (1999) (finding that because statute did not provide "any private right or cause of action," statute "does not create a private right to sue for damages, either directly or by indirect operation of the Unfair Business Practices Act.") The only available avenue for individual relief under § 226.8 is through PAGA. *Noe*, 237 Cal. App. 4th at 339 (holding that where "a Labor Code provision provides for a 'civil penalty' and contains no language suggesting the penalty is recoverable directly by employees, *no private right of action is available other than through a PAGA claim*") (emphasis added).

Because Plaintiffs' claim for inaccurate wage statements under § 226(a) survives summary judgment, Plaintiffs may still maintain a claim under the UCL for a violation of that statute. Plaintiffs may proceed with their UCL claim only as it relates to Defendant's alleged violation of § 226(a). The Court **DISMISSES** the remainder of Plaintiffs' UCL claims.

**B.     Plaintiffs' Motion for Class Certification under Rule 23(b)**

As explained above, Plaintiffs' only remaining claims are: (1) Failure to provide accurate itemized wage statements under Cal. Labor Code § 226(a); (2) Unfair Business Practices for violation of § 226(a); and (3) PAGA for violations of §§ 226(a) and 226.8. Plaintiffs, however, do not seek a certification order for their PAGA claims, because representative claims under that statute do not require class certification. (Rule 23 Mot. 9 n.26 (citing *Arias v. Super. Ct.*, 46 Cal. 4th 969 (2009) and *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014)).)

Plaintiffs seek to certify a class of: "All persons who worked for Defendant[] in California, as an [ISR], who were, at any time within four years of the filing of the Complaint, classified as an independent contractor." (Rule 23 Mot. 8.) Plaintiffs' only remaining claims for which Plaintiffs seek certification are those related to Defendant's failure to provide accurate itemized wage statements.

*1.     Ascertainability*

The Ninth Circuit has not recognized a separate "ascertainability" requirement for class certification. *Briseno*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017). The Ninth Circuit has, however, addressed the necessity for a class to be readily ascertainable through analysis of Rule 23's enumerated requirements. *See id.* (listing cases).

Plaintiffs argue that the proposed class is readily ascertainable by objective criteria, namely whether: (i) persons worked as an ISR for Defendant (ii) in California and (iii) were classified as an independent contractor (iv) within the applicable Class Period. Defendant argues that for Plaintiffs' wage-statement claim, the class is not so simply defined. Defendant claims that many of the ISRs never made a single sale, so they never received a commission payment. Defendant provides no evidence for this statement, and similarly, Plaintiffs provide no evidence of the number of proposed class members who actually made sales and were therefore entitled to a wage statement.

The requirement to provide an accurate wage statement under § 226(a) is triggered only at the time of each payment of wages, which under the parties' agreement, would occur only when an ISR made a sale. Therefore, the inquiry into which of the ISRs actually made sales is relevant in determining the make-up of the proposed class.

At the hearing, both parties acknowledged that any class that pursued a claim under § 226(a) would be limited to those ISRs who actually made sales, and thus were entitled to receive wage statements. Therefore, the Court finds that it does not have enough information at this time to determine whether the proposed class is ascertainable.

*2. Numerosity*

The parties do not dispute that Plaintiffs' proposed class is sufficiently numerous for class certification purposes. The parties, however, briefed this issue under the assumption that the proposed class consisted of all former and current ISRs. After ruling on Defendant's Motion for Summary Judgment, only Plaintiffs' § 226(a) claim remains for the purpose of class certification, and the proposed class needs to be more narrowly defined.

Therefore, the Court finds that it lacks the information necessary to determine whether the proposed class is numerous.

*3. Summary*

Because the Court must find that a proposed class is both ascertainable and numerous before granting certification, which the Court cannot do at this time, the Court declines to address the issues of commonality, typicality, and predominance, and **DENIES** Plaintiffs' Motion for Class Certification, without prejudice. (ECF No. 89.) The Court **ORDERS** the parties to meet and confer and submit a proposed briefing schedule for class certification no later than **April 16, 2018**.

///

///

///

///

///

///

///

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion for Summary Judgment (ECF No. 94), **DENIES AS MOOT** Plaintiffs' Motion for Conditional Certification under the FLSA (ECF No. 90), and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Class Certification under Rule 23(b).  (ECF No. 89.)  The Court also orders the parties to submit a proposed briefing schedule for Plaintiffs' renewed motion for class certification no later than **April 16, 2018**.

**IT IS SO ORDERED.**

March 21, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**