JS-6

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICOLE ROMANO, JONATHAN BONO, and JAMES DOYLE,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>**SCI DIRECT, INC., TRIDENT SOCIETY INC., NEPTUNE SOCIETY OF AMERICA, INC., and NEPTUNE MANAGEMENT CORP.,**<br><br>Defendants. | Case No. 2:17-cv-03537-ODW-JEM<br><br>Hon. Otis D. Wright II<br><br>**FINAL JUDGMENT GRANTING FINAL APPROVAL AND ATTORNEYS' FEES IN PART**<br><br>(ECF Nos. 144, 145) |

This matter came before the Court for a hearing on November 18, 2019, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated December 20, 2018 ("Settlement" or "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered all papers filed and proceedings had

herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment also incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all of the parties to the Action. As fully set forth in the Final Approval Order and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the Class for the purpose of administering the Settlement. The Class is defined as: any individual, who contracted with or provided services to Defendants or affiliated companies, as an independent sales representative in California from May 18, 2014 to February 1, 2019 Excluded from the Class are any employees of Defendants, their parents, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Actions are assigned; and, any member of those Judges' staffs or immediate families. With respect to the Class, this Court finds, solely for the purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

3. The Class Notice provided to the Settlement Class conforms with the requirements of Federal Rule of Civil Procedure 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances of those proceedings and the matters set forth therein, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set

forth therein to the other Class Members. The notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law.

4. The Court finds the Settlement was entered into in good faith, that the Settlement is fair, reasonable and adequate, and that the Settlement satisfies the standards and applicable requirements for final approval of this class action settlement under California and federal law, including the provisions of Federal Rule of Civil Procedure 23. The Settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arms-length and informed negotiations, and treats all members of the Class fairly. The Court approves the Settlement Amount of **$1,625,000**.

5. 1 Class Member has objected to the terms of the Settlement. His objection is **overruled**.

6. 17 Class Members have requested exclusion from the Settlement. Accordingly, Dewitt Latham, Felicia Horton, Terry Guoin, Ryan Hoffman, Jandy Guerrero Quismundo, Jeffrey Okun, John Willis, Ryan Deyoung, Delane Pate, Holly Karpiak, Claudia Marky, Nancy Miller, Vicky Dorian Hoffman, Suzana Willis, Sandy Dorian, Jill Augustine Sutherland and Diane Everett are excluded

7. Upon entry of this Order, compensation to the participating members of the Class shall be effected pursuant to the terms of the Settlement Agreement.

8. In addition to any recovery that Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to the Plaintiff James Doyle in the amount of **$5,000**, to

the Plaintiff Jonathan Bono in the amount of **$5,000**, and to the Plaintiff Nicole Romano in the amount of **$7,500**.[1]

9. The Court approves the payment of attorneys' fees to Class Counsel in the sum of **$706,500.00**, and the reimbursement of litigation expenses in the sum of **$20,786.05**.

10. The Court approves and orders payment in an amount commensurate with Simpluris's actual costs of **$5,500** to Simpluris for performance of its settlement claims administration services.

11. Upon the Effective Date, the Plaintiffs and all members of the Class, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged the Released Persons, defined in the Settlement Agreement as "Released Persons" to mean Defendant SCI Direct (as defined in the Settlement Agreement), and its respective owners, agents, attorneys, insurers, past, present and future divisions, affiliates, DBAs (if any), predecessors, successors, shareholders, officers, directors, managers, employees, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, privies, and/or any and all persons and/or corporate entities acting by, through, under or in concert with any of them, from the PAGA claims, defined in the Settlement Agreement as any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, which related to any and all claims which were alleged, could have been alleged based or covered by this Agreement during the Class Period, including the date of preliminary approval of this proposed Settlement under any state or local law, and shall specifically include, penalties or any other damages or claims

---

[1] The Court mentioned an increase for Mr. Bono in the hearing on November 18, 2019; however, the Court approves an increase for Ms. Romano given counsel's arguments regarding her efforts.

under the Private Attorneys General Act, Labor Code § 2699, et seq., which were alleged, could have been alleged or set forth in this Agreement, and shall be inclusive of Class Representatives' attorney's fees and costs. Upon the Effective Date, Plaintiffs and all members of the Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all claims under the Private Attorneys General Act, Labor Code § 2699, *et seq.*, against any and all of the Released Parties under the terms of the Settlement Agreement.

12. Upon the Effective Date, the Plaintiffs and all members of the Class, except the excluded individuals referenced in paragraph 8 of this Order, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged the Released Persons, defined in the Settlement Agreement as "Released Persons" to mean Defendant SCI Direct (as defined in the Settlement Agreement), and its respective owners, agents, attorneys, insurers, past, present and future divisions, affiliates, DBAs (if any), predecessors, successors, shareholders, officers, directors, managers, employees, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, privies, and/or any and all persons and/or corporate entities acting by, through, under or in concert with any of them, from the Released Claims, defined in the Settlement Agreement as any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, which related to any and all claims which were alleged, could have been alleged based or covered by this Agreement during the Class Period, including the date of preliminary approval of this proposed Settlement under any federal, state or local law, and shall specifically include, but is not limited to claims for failure to provide accurate wage statements, claims for the failure to

reimburse reasonable business expenses, penalties under Labor Code § 226.8, penalties under Labor Code § 558, violations of Business and Professions Code §§ 17200, et seq., wage and time penalties any similar claims and any related statutory and/or civil penalties, which were alleged, could have been alleged or set forth in this Agreement, and shall be inclusive of Class Representatives' attorney's fees and costs. Upon the Effective Date, Plaintiffs and all members of the Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the Released Claims against any and all of the Released Parties under the terms of the Settlement Agreement.

13. Upon completion of administration of the Settlement, the Parties shall file a declaration setting forth that claims have been paid and that the terms of the Settlement have been completed.

14. This "Judgment" is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

15. Neither the Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement is or may be deemed to be or maybe used as an admission of, or evidence of: (a) the validity of any Released Claim, or of any liability, fault or other wrongdoing of any kind; (b) the validity or invalidity of any claims asserted by the Plaintiffs or the amount of recoverable damages in connection with those claims; or (c) any infirmity in the defenses that have been or could have been asserted in the Action. The Released Parties may file the Settlement Agreement and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral

estoppel, release, good faith settlement, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Action is dismissed with prejudice, permanently barring the Plaintiffs and all other members of the Class (other than those members of the Class who timely and validly opted out of the settlement) from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matters, the Plaintiffs, the Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

**IT IS SO ORDERED.**

Dated: November 18, 2019

_____
Honorable Otis D. Wright II
United States District Judge